## THOMAS CLIVER v. THE STATE.

1. Upon trial of an indictment for abuse and carnal knowledge of a female child under the age of ten years, it is not error to refuse to charge the jury that in order to convict under a count for indecent assault, the evidence must satisfy the jury that the accused committed the alleged indecent act *against the will of the child.*

2. There may be submission by a child of tender years without legal consent.

3. It is not error to refuse to exclude the whole testimony of a witness from the case, because parts of his evidence are contradicted by other witnesses.

4. Charge of the court to the effect that the accused was to be considered innocent until proved guilty, and that if there was reasonable doubt, and the disclosures did not satisfy the jury of his guilt, they should acquit him, is sufficient.

In error to Burlington Quarter Sessions.

Argued at November Term, 1882, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP, DIXON and PARKER.

For the plaintiff in error, *J. H. Gaskill* and *M. R. Sooy.*

For the state, *C. E. Hendrickson.*

The opinion of the court was delivered by

PARKER, J.   The record shows that the plaintiff in error was indicted for assault and carnal knowledge of a female child under the age of ten years.   There were counts for abusing and knowing the child without her consent, and other counts charging such abuse and knowledge with her consent.   The last count charged an indecent assault.   There was a general verdict of guilty as charged.

There are numerous exceptions on which error has been assigned, but those relied upon to reverse the judgment relate to the charge of the court and refusals to charge.

The *first three* requests were charged in a modified form.

The modifications made by the court relate to the degree of penetration and state correctly the law on that subject. *Regina* v. *Lines*, 1 *C. & K.* 393; *Regina* v. *Hughes*, 9 *C. & P.* 752.

The *fourth* proposition was charged as requested by counsel of the accused.

The court refused to charge the *fifth* and *sixth* requests, and in so doing, it is insisted that the court erred.

By the *fifth* request the court was asked to charge that in order to convict under the count for assault, the evidence must satisfy the jury that the accused committed the alleged indecent act *against the will of the child.*

This the court refused to charge, and in such refusal there was no error. An act such as is charged in that count, committed upon a child of such tender years, is criminal, whether with or without her consent. Legally she has no will to resist or consent.

There may be actual submission of a child without constituting legal consent. *Regina* v. *Day*, 9 *C. & P.* 722.

That case applies directly to the question now before the court. The counsel for the prisoner in that case contended that the count being for assault, consent or non-consent on part of the girl, although she was of tender years, was material, and that as she offered no resistance, but submitted quietly, it must be taken that she was consenting to the act, and that the prisoner should be acquitted. But the court refused so to charge, and said that the mere submission of a child when in the power of a strong man, and most probably acted upon by fear, can by no means be taken to be such consent as will justify the prisoner in point of law.

The *sixth* and last request was, in substance, that the court charge that the effect of certain statements of two of defendant's witnesses, which had been contradicted by other witnesses, should discredit their testimony to such extent as to oblige the jury to disregard not only their statements which had been contradicted, but the whole evidence of those wit-

nesses. This request was too broad, and the court did right in not charging as requested.

The witnesses referred to were examined fully, and the contradictions related only to part of their evidence. They were not impeached by proof of general bad character for veracity, but by showing that they had made previously some statements on a material point in direct antagonism with what they stated on the trial. Portions of the testimony of those witnesses not contradicted were unfavorable to the accused. One of these witnesses was a physician, who saw the child soon after the crime was alleged to have been committed. He gave evidence on the question of penetration, and also as to symptoms of a disease which, it was alleged, the child was afflicted with soon after the occurrence. He also swore that defendant was diseased. These portions of his testimony were favorable to the state, and the state had the right to have such evidence remain in the case.

The counsel of the prisoner also excepted to the charge as delivered on the question of reasonable doubt. On this subject the court not only said to the jury that the defendant should have the benefit of any reasonable doubt, but also told them what such benefit was. The language used by the presiding judge was, "You should recognize the well-settled principle of law, that every man is innocent until proved guilty, and give him the benefit of the reasonable doubt. Having done this, if you are satisfied of his guilt, you should return your verdict, or if the disclosures are not sufficient to satisfy you, you should acquit him."

The judgment is affirmed.