STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HUGH FERRIS, PLAINTIFF IN ERROR.

Submitted December 3, 1923—Decided March 27, 1924.

An indictment charging only common law rape and containing no averment as to the age of either the woman or the defendant will not support a conviction of the offense commonly called "statutory rape" and defined in section 115 of the Crimes act (*Comp. Stat., p.* 1783), which declares (among other things) that "any person * * * who, being of the age of sixteen or over, shall unlawfully and carnally abuse a woman child over the age of twelve years and under the age of sixteen years, with or without her consent, shall be guilty of a high misdemeanor."

---

On writ of error to the Atlantic County Quarter Sessions Court.

Before Justices TRENCHARD and CAMPBELL.

For the plaintiff in error, *William Elmer Brown, Jr.*

For the defendant in error, *Louis A. Repetto,* prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J.    The plaintiff in error was indicted for rape upon one Josephine Saunders.    The jury returned a verdict of "guilty of statutory rape."    This resulted from the charge of the trial judge that the jury might so find, and that instruction is assigned as a cause for reversal.

The instruction was:

"In this case the defendant may be convicted of rape, or he may be convicted of statutory rape, or he may be convicted of simple assault    *    *    *."

We are of the opinion that such instruction was not justified under the indictment.

The indictment charged that the defendant, Hugh Ferris, "did feloniously and forcibly, and against her will, make an assault upon the body of Josephine Saunders, and he, the said Hugh Ferris, did then and there feloniously rape, ravish and carnally abuse and know her, the said Josephine Saunders, against her will and without her consent," &c.

That indictment charged only the offense known as common law rape.    It did not charge the offense of "statutory rape."    *State* v. *Lanto,* 98 *N. J. L.* 401; *affirmed, ante p.* 94; *State* v. *Heyer,* 89 *Id.* 187; *State* v. *Huggins,* 84 *Id.* 254; *Evans* v. *State,* 52 *Id.* 261.    It contained no averment as to the age of either the woman or the defendant. Under the indictment, therefore, the defendant could not be lawfully convicted of "statutory rape."

Our statute (*Comp. Stat., p.* 1783, § 115) dealing with these crimes reads:

"Any person who shall have carnal knowledge of a woman forcibly against her will,    *    *    *    or who, being of the age of sixteen or over, shall unlawfully and carnally abuse a woman-child under the age of twelve years, with or without her consent, shall be guilty of a high misdemeanor, and punished by a fine not exceeding five thousand dollars, or imprisonment at hard labor not exceeding thirty years, or both,

or who, being of the age of sixteen or over, shall unlawfully and carnally abuse a woman-child over the age of twelve years and under the age of sixteen years, with or without her consent, shall be guilty of a high misdemeanor, and punished by a fine not exceeding two thousand dollars, or imprisonment at hard labor not exceeding fifteen years, or both."

As will be seen, this section deals with common law rape, and also with two kinds or classes of carnal abuse or "statutory rape" so-called.

The evidence tended to show that the prosecutrix was fifteen years old. In charging that the jury might convict of statutory rape, no doubt the learned trial judge had in mind (though not quite accurately) that part of the statute which declares that "any person * * * who, being of the age of sixteen or over, shall unlawfully and carnally abuse a woman-child over the age of twelve years and under the age of sixteen years, with or without her consent, shall be guilty of a high misdemeanor, * * *." That is apparent, because he further charged that "statutory rape means that where a man has sexual intercourse with a girl under the age of *eighteen* with or without her consent, he is guilty of what is commonly known as statutory rape." Of course, it will be readily perceived that, as a definition of statutory rape, that was inaccurate and misleading in several respects, but it serves to show that the jury was plainly informed that if the defendant had sexual intercourse *with the fifteen-year-old girl, either with or without her consent,* he was guilty of statutory rape. It also makes quite plain the fundamental error, which is that the charge of the court permitted the jury to convict the defendant of a crime not charged in the indictment. It is clear that, in an indictment for the carnal abuse of a woman-child under the age of consent, with or without her consent, commonly called "statutory rape," the age of the man and the girl must be averred so as to bring the offense charged within the provisions of the statute in that regard. *Farrell* v. *State,* 54 *N. J. L.* 416, 420. That was not done. As we have pointed out, there was no averment as to the age of the girl or the defendant.

Of course, the fact, if it be the fact, that the woman-child in the present case was only fifteen years of age, is no reason why the defendant may not, under proper instructions, be convicted of the *rape* charged in the indictment.

The judgment will be reversed and a *venire de novo* awarded.