114 N.J. Super. 479 (1971)
277 A.2d 240
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EDWIN McCOY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 20, 1971.
Decided May 4, 1971.
*480 Before Judges KILKENNY, HALPERN and LANE.
Mrs. Mary Aurigemma, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney; Mrs. Aurigemma, of counsel and on the brief).
Mr. Edward Roy Rosen, Assistant Prosecutor, argued the cause for respondent (Mr. Vincent P. Keuper, Monmouth *481 County Prosecutor, attorney; Mr. Rosen, of counsel and on the brief).
The opinion of the court was delivered by HALPERN, J.A.D.
Defendant was indicted for robbery (not while armed), in violation of N.J.S.A. 2A:141-1. He was charged with having taken $256.67 from the person of Robert Shields. When the jury completed its deliberations, the court clerk erroneously asked them "What is your verdict as to armed robbery?" The foreman responded by saying, "Guilty as charged." No objection was made to the verdict as returned. However, the judgment entered in the court records was for robbery only.
Defendant was sentenced to an indeterminate term to the New Jersey Reformatory (now Youth Correctional Institution). We were advised at oral argument that he has been released and is now on parole. The appeal is from the judgment of conviction for robbery.
No useful purpose would be served in reciting the facts surrounding the alleged robbery and the events subsequent thereto. Suffice it to say, the State proved all the elements of a robbery except that any money or other thing of value was taken. The State's argument that the jury could infer that money was taken from the cash register, even though no proof was offered that any money was in it, is specious. State v. Brown, 67 N.J. Super. 450, 458 (App. Div. 1961).
Robbery is the commission of a larceny from the person of another by violence or intimidation. State v. Hoag, 35 N.J. Super. 555, 559 (App. Div. 1955), aff'd 21 N.J. 496 (1956), aff'd 356 U.S. 464, 78 S.Ct. 829, 2 L.Ed.2d 913 (1958), rehearing den. 357 U.S. 933, 78 S.Ct. 1366, 2 L.Ed.2d 1375 (1958). The State having failed to prove the element of larceny, the trial judge should have granted defendant's motions for acquittal as to the charge of robbery. State v. Reyes, 50 N.J. 454 (1967).
*482 However, since the State's proofs warranted the jury's finding that defendant had used violence and intimidated the victim, the trial judge should have left for the jury the issue of an attempt to commit robbery, in violation of N.J.S.A. 2A:85-5. This would have been proper because a verdict may be rendered for an offense different from the one charged if it is included in the offense charged. 23A C.J.S. Criminal Law § 1400; 5 Wharton's Criminal Law and Procedure, § 2131 at 324 (1957). Thus, it has always been the rule in New Jersey that one charged with a crime may be convicted of an attempt thereof. State v. Mathis, 47 N.J. 455, 463 (1966); 1 Schlosser, Criminal Law of New Jersey (3d ed. 1970), § 8:17.
In charging the jury the trial judge instructed them that they could return one of three verdicts  namely, an acquittal; guilty of robbery, or guilty of an attempt to commit robbery. In doing so he erred. As previously indicated, he should have removed the charge of robbery from the jury, and submitted only the attempt charge.
Since the jury determined defendant was guilty of robbery, it could be assumed that they would have found him guilty of the attempted robbery if properly instructed by the trial judge. The State argues we should mold or amend the jury's verdict and the judgment entered thereon so that the defendant would be guilty of the attempt. We are without power to do so, because such action would be usurping the jury's function. See State v. Butler, 27 N.J. 560, 597-598 (1958); Poland v. Parsekian, 81 N.J. Super. 395, 402-403 (App. Div. 1963), certif. den. 41 N.J. 520 (1964).
The other ground of appeal urged by defendant related to the admission of testimony concerning a pretrial identification of defendant by the victim. There was no error in this regard. State v. Edge, 57 N.J. 580 (1971).
The judgment of conviction of robbery is reversed and a new trial ordered limited to the charge of attempted robbery. Cf. State v. Spagnola, 48 N.J. 326, 332 (1966).