STATE OF NEW JERSEY, PLAINTIFF, v. MAURICE BURDEN AND ELLIS SMITH, DEFENDANTS.

Superior Court of New Jersey
Law Division (Criminal)
Essex County

Decided May 8, 1985.

150

*Ernest Blair*, Assistant Prosecutor, for the State (*George L. Schneider*, Essex County Prosecutor, attorney).

*Pamela A. Baken* for defendant Maurice Burden.

*Walter E. Florczak* for defendant Ellis Smith.

OPINION

VILLANUEVA, J.S.C.

The defendants were indicted for five counts of first degree aggravated sexual assault (as well as five counts of kidnapping, terroristic threats and possession of a weapon for an unlawful purpose), allegedly committed against two victims, ages 15 and 18.

The issue presented is whether second degree "statutory rape", *N.J.S.A.* 2C:14-2c(5), is a lesser included offense of first degree aggravated sexual assault, *N.J.S.A.* 2C:14-2a.

Because second degree statutory rape has different and greater elements relating to the ages of the victim and the actor than first degree aggravated sexual assault, it is not a lesser included offense and cannot be submitted to a jury without a defendant's consent.

One count of the indictment charged the defendants, Maurice Burden and Ellis Smith, with first degree aggravated sexual assault of C.M. by vaginal penetration, contrary to the provisions of *N.J.S.A.* 2C:14-2. The defendants were 21 and 22 respectively, while this victim was only 15 years of age at the time of the alleged sexual assault. Neither the victim's nor defendants' ages were set forth in the indictment.

Since the defendants' sole defense to the indictment was the alleged consent of the victims, the guilt of the defendants of statutory rape of the 15-year-old girl was evident.

The jury could have reasonably concluded that the defendants were guilty of a first degree aggravated sexual assault, either because the act was committed during an alleged kidnapping, *N.J.S.A.* 2C:14-2a(3), or that the actor was armed with a weapon, *N.J.S.A.* 2C:14-2a(4), or that the actor was aided by an accomplice and he used physical force or coercion. *N.J.S.A.* 2C:14-2a(5)(a).

The State requested the court to charge as lesser included offenses second degree sexual assault under *N.J.S.A.* 2C:14-

2c(1), which requires only an act of sexual penetration where the actor uses physical force or coercion and also *N.J.S.A.* 2C:14–2c(5), which requires an act of sexual penetration where the victim is at least 13 but not over 16 and the actor is four years older than the victim.

The attorneys for the defendants acknowledged that there was a factual and legal basis for submitting the first subsection to the jury as a lesser offense, but objected to the latter request upon the ground that this statutory second degree offense is not a lesser included offense to a general allegation of first degree aggravated sexual assault. The court refused to charge the second degree statutory rape provision as a lesser included offense.

The jury found both defendants not guilty on all counts.

I write this opinion to record and supplement my reasons for denying State's request to charge the statutory rape provision as a lesser included offense.

## HISTORY OF STATUTORY RAPE

Rape was made a felony in England centuries before New Jersey inherited its common law from the mother country. 75 *C.J.S., Rape*, § 3, at 464. *Horby v. King*, 13 *N.J.Super.* 395, 401 (Law Div.1951).

Although some early English cases held that sexual intercourse with a consenting female child of any age was not rape, the common law as accepted in America was that rape was the unlawful carnal knowledge of a woman of the age of ten or over, forcibly and without her consent or such carnal knowledge of a female child under the age of ten either with or without her consent. 75 *C.J.S., Rape*, § 1 at 462.

The unlawful carnal knowledge of a female child under ten either with or without her consent became a crime in England by statute, which statute was adopted as part of the common law in America. *Nider v. Commonwealth*, 140 *Ky.* 684, 131 *S.W.* 1024 (Ct. of App.1910).

New Jersey, as well as most other states, by statute classifies the crime of rape by degrees, which vary with the circumstances under which it was committed, including the age of the victim or the age of the accused. *N.J.S.A.* 2C:14–2. Where there is no statute dealing with rape, there are no degrees of the crime. 75 *C.J.S., Rape* § 3 at 464. The carnal knowledge of a female child under the age of consent, with or without her consent, which was rape under the common law is now considered as statutory rape. *N.J.S.A.* 2C:14–2(a)(1).

Under the common law equivalent to statutory rape, a female was deemed incapable of consent under the age of 12, *Statute of Westminster I,* 3 Edw. I, ch. 13 and later under the age of ten, *18 Eliz.,* ch. 7, § 4. Although the age of consent varies from state to state, generally the statutes raise the common law age at which a female can consent to sexual intercourse. *See Commonwealth ex rel. Case v. Smith,* 134 *Pa.Super.* 183, 3 *A.*2d 1007 (Super.Ct. of Pa.1937). *See e.g. N.J.S.A.* 2C:14–2; *N.Y.Penal Law* § 130.30.

The first New Jersey statute dealing with rape was enacted in 1874. *Rev.,* p. 241, § 80. That statute classified statutory rape as the carnal knowledge of a female under the age of ten, with or without her consent by an actor at least 14 years old. *Cliver v. State,* 45 *N.J.L.* 46 (1883). Ages of both people involved in the crime of statutory rape were increased to age 16 by *L.* 1898, c. 235, § 115. By amendment in 1905, the statute was amended so that statutory rape was put into two classifications: The statute provided in pertinent part that

any person who ... [1] being of the age of sixteen or over, shall unlawfully and carnally abuse a woman child under the age of twelve years [or] ... [2] being of the age of sixteen or over, shall unlawfully and carnally abuse a woman over the age of twelve years and under the age of sixteen years, with her consent shall be guilty of statutory rape. *L.* 1905, c. 159, § 1.

The statute was once again amended in 1910, to reflect that it was statutory rape for an actor of age 16 or over to carnally abuse a female at least 12 years old and under 16 years old with or without her consent. *L.* 1910, c. 161, § 7. The *Rev.*

*Stat.* § 2:163–1 enacted in 1937 did not change the substance of the 1910 statute.

Under *N.J.S.A.* 2A:138–1, the two classifications of statutory rape continued and the ages remained the same. The Code changed this statute, however, to increase the age of consent and add an additional element of age disparity between the victim and the actor. Pursuant to *N.J.S.A.* 2C:14–2 an actor is guilty of statutory rape (1) in the first degree if the victim is less than 13 years old or (2) in the second degree if the victim is at least 13 but less than 16 years old and the actor is at least four years older than the victim.

The Code, *N.J.S.A.* 2C:14–1 *et. seq.,* consolidated all crimes involving sexual offenses against minors, (as well as all other sexual offenses), whereas previously they were treated separately. Incest, *N.J.S.A.* 2A:114–1 and 114–2; Carnal abuse, *N.J.S.A.* 2A:138–1; Sodomy, *N.J.S.A.* 2A:143–2.

## SECOND DEGREE STATUTORY RAPE IS NOT A LESSER INCLUDED OFFENSE OF FIRST DEGREE AGGRAVATED SEXUAL ASSAULT.

A defendant may be found guilty of a lesser offense necessarily included in the greater offense charged. *State v. Saulnier,* 63 *N.J.* 199 (1973). However, a defendant may not be convicted for an act not charged in an indictment. *U.S. v. Petti,* 459 *F.*2d 294 (3 Cir.1972). The generally recognized exceptions to these rules are where the defendant consents and there is a rational basis for such charge or where otherwise authorized by law. *State v. Powell,* 84 *N.J.* 305 (1980) and *State v. Choice,* 98 *N.J.* 295 (1985).

The Code embodies the common law doctrine and provides that a defendant may be convicted of an offense included in an offense charged whether or not the included offense is an indictable offense. It provides three instances when an offense is considered an included offense, when:

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(2) It consists of an attempt or conspiracy to commit the offense charged or to commit an offense otherwise included therein; or

(3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission. *N.J.S.A.* 2C:1-8(d).

None of these three instances were satisfied in this case because (a) a statutory rape offense requiring that the victim be at least 13 but less than 16 and the actor is at least four years older than the victim is not the same proof required under any provision of first degree aggravated sexual assault; nor (b) is such a lesser charge an attempt or conspiracy to commit the offense charged; nor (c) did it differ from the offense charged only in respect with the type of injury or a lesser kind of culpability.

The Code follows the common law doctrine that a defendant may be found guilty of a lesser offense necessarily included in the greater offense charged in the indictment. *N.J.S.A.* 2C:1-8(d). It was originally designed to aid the prosecution so that it would not fail entirely when some element of the greater offense was not established. *See The People v. White*, 22 *Wend.* 167, 176 (N.Y.Sup.Ct.1839), rev'd on other grds. 24 *Wend.* 520 (N.Y.1840). It also redounded to a defendant's benefit since it enabled a finding of lesser consequence and precluded a later independent prosecution of the lesser offense as double jeopardy. *State v. Midgeley*, 15 *N.J.* 574, 479 (1954).

It is obvious that the facts necessary to prove statutory rape, *N.J.S.A.* 2C:14-2c(5), and any first degree aggravated sexual assault are not the same because of the age requirement of the victim and the age differential with the defendant.

Prior to the adoption of the Code in 1979, a defendant could not be convicted of a charge of statutory rape when he was charged in the indictment only with the offense known as common law rape. *State v. Ferris*, 99 *N.J.L.* 325 (Sup.Ct.1923).

■ Where the facts necessary to prove an offense are different and greater than those necessary for the offense charged, it is not an included offense. *State v. Hunter,* 194 *N.J.Super.* 177, 180 (App.Div.1984).

■■ A verdict may be rendered for an offense different from one charged in the indictment if it is an included offense to the one charged. *State v. McCoy,* 114 *N.J.Super.* 479, 482 (App.Div.1971). *N.J.S.A.* 2C:1–8(d). A defendant may not be convicted of an offense for which he is not charged in the indictment and which is not a lesser included offense of that designated in the indictment. *N.J. Const.* (1947), Art. I, par. 10; *State v. Koch,* 161 *N.J.Super.* 63, 67 (App.Div.1978); *State v. Zelichowski,* 52 *N.J.* 377, 382 (1968).

■ A verdict cannot be molded to convict a defendant of a crime other than, but related to, the crime for which he was indicted if the crime actually proved was not charged in the indictment. *State v. Holder,* 137 *N.J.Super.* 300, 305 (App.Div. 1975). *State v. Mincey,* 202 *N.J.Super.* 548 (Law Div.1985).

It is true that a first degree aggravated sexual assault is committed where the victim is less than 13 years old, *N.J.S.A.* 2C:14–2a(1), or if the victim is at least 13 but less than 16 years old and (a) the actor is related to the victim or (b) has supervisory or disciplinary power over the victim or (c) is a foster parent, guardian, or stands in loco parentis within the household. *N.J.S.A.* 2C:14–2a(2). However, there is no requirement of age differential between the victim and the actor except in a second degree sexual assault.

### CONSTITUTIONAL REQUIREMENT OF NOTICE NOT SATISFIED

■ In addition, there is a constitutional issue of notice that was not met in this case. *State v. Murphy,* 185 *N.J.Super.* 72 (Law Div.1982). The indictment made no reference to any ages of either the victim or the defendants. No one requested a transcript of the grand jury proceedings, and therefore, the

defendants were not apprised of the fact that they were charged with an alleged sexual assault of a 15-year old girl, which could cause them to be subject to a statutory rape charge. The court does not even know if the victim's age was mentioned to the grand jury or whether the grand jury considered it in returning the indictment.

## WHEN A DEFENDANT IS CHARGED WITH STATUTORY RAPE, MUST THE INDICTMENT ALWAYS SET FORTH THE AGE OF THE VICTIM?

■   The court does not have to determine whether an indictment for sexual assault has to set forth the age of the victim or the age differential between the victim and the actor. *See State v. Lefante*, 12 *N.J.* 505, 513 (1953) (prior to the adoption of the Code, which held that the age of the prosecutrix is the distinguishing ingredient of the crime of carnal abuse, which must be alleged in the indictment). *Cf. Application of Faas*, 42 *N.J.Super.* 31 (App.Div.1956), *cert.* den. *Faas v. State of N.J.*, 353 *U.S.* 940, 77 *S.Ct.* 820, 1 *L.Ed.*2d 762 (1957) (which held that under a former statute which encompassed the offenses of rape, carnal abuse of a female under the age of 12, and carnal abuse of a female between the ages of 12 and 16, the indictment, which was framed in the language of the portion of statute dealing with rape, was not defective because it made no reference to the age of the female).

Whereas pre-Code law had many unrelated statutes regarding sexual offenses, the Code consolidated all sexual offenses in one chapter. *N.J.S.A.* 2C:14-1 *et seq.*

■   Therefore, it should be adequate for an indictment to merely refer to the type of offense, at least by degree, so that the defendant knows the crime for which he is charged. The primary purpose of an indictment is to inform the defendant of the nature of the offense charged against him so he may adequately prepare his defense. *State v. Lefante, supra*, 12 *N.J.* at 509. If a defendant wants to know what subsection of

the statute for which he is to be tried, he can obtain that information by means of a bill of particulars. *R.R.* 3:7–5.

Therefore, second degree statutory rape is not a lesser included offense of first degree aggravated sexual assault and cannot be submitted to the jury without a defendant's consent.