**Joel Darsey HUMPHREY, Petitioner-Appellant,**

v.

**Robert S. BONEY, Warden, Leesburg Detention Center, Respondent-Appellee.**

No. 85–8231.

United States Court of Appeals, Eleventh Circuit.

March 25, 1986.

Ralph C. Smith, Jr., Bainbridge, Ga., Hugh Peterson, Jr., Atlanta, Ga., for petitioner-appellant.

Susan V. Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before HILL and FAY, Circuit Judges, and TUTTLE, Senior Circuit Judge.

HILL, Circuit Judge:

## FACTS

Appellant Joel Darsey Humphrey appeals the district court's denial of his petition for a writ of habeas corpus. The following facts are relevant to our decision in this case. Appellant was tried and convicted of the first degree murder of Harold "Sonny" Whiddon. At trial, appellant admitted to shooting the victim, raising as his only defense the absence of malice and intent to kill. According to appellant's testimony, he and the victim were returning home from a local fish fry. Appellant had let the victim off at his trailer and was backing out of the driveway when he heard something hit his vehicle. He then turned and saw the victim approaching him, wielding and firing a .22 caliber rifle. Appellant testified he grabbed his own rifle, exited his vehicle, yelled "No, Sonny, don't do it," then fired while holding the rifle positioned on his hip. Appellant further testified that he did not intend to kill or shoot the victim, rather just to "make him stop." After seeing Whiddon fall, he approached the victim and discovered he was dead. He proceeded to drag the body into a nearby field, and used a hose to spray with water the ground where Whiddon had fallen in an attempt to wash away the blood. Appellant then went to his father's house where he related to his father and a brother what had happened, after which the police were summoned.

Authorities arrived at the scene of the shooting and found the victim's body approximately 85 feet behind the trailer. A distinct trail indicated the victim had been

dragged from the shooting site to that spot. Blood was observed on the faucet handle of the water hose. The victim's .22 caliber rifle, found lying against a pole near the trailer, had a cartridge jammed in the chamber. There were no fingerprints on the weapon. A search of appellant's vehicle revealed what appeared to be a bullet hole near the bottom of the vehicle. Testimony was introduced at trial indicating that the hole in the vehicle was made not by a .22 caliber bullet but by a larger caliber weapon. Further investigation uncovered two live .22 caliber shells on the ground and a .300 magnum shell casing approximately 70 feet down the driveway from the trailer. No .22 caliber shell cases were discovered at this time. A search of the premises approximately two weeks later uncovered two spent .22 caliber cartridges buried under dirt and leaves.

## DISCUSSION

Following his conviction at trial, appellant exhausted his state habeas remedies. Appellant then sought federal habeas corpus relief in the district court, contending (1) the court's charge to the jury on implied malice unconstitutionally shifted the burden of proof onto the defendant in violation of the due process clause of the Fourteenth Amendment; (2) the trial court's instruction on intent, in light of the instruction on implied malice, created an unconstitutional mandatory presumption; and (3) the term "abandoned and malignant heart" is unconstitutionally vague and ambiguous.

### Implied Malice Instruction

■ We examine initially appellant's contention regarding the implied malice instruction. The trial court charged the jury as follows:

> A person commits murder when he unlawfully, and with malice aforethought, either express or implied, causes the death of another human being. Express malice is that deliberate intention, unlawfully to take the life of a fellow creature, which is manifested by external circumstances capable of proof. *Malice shall be implied where no considerable provocation appears and where all of the circumstances of the killing show an abandoned and malignant heart.*

Appellant asserts that the "shall be implied" language of the preceding charge unconstitutionally shifted the burden of proof to the defendant in violation of *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), as it instructed the jury that they must find malice if the state proved the predicate facts of no considerable provocation and an abandoned and malignant heart. We have previously considered and upheld a challenge to this same jury charge. *Lamb v. Jernigan*, 683 F.2d 1332 (11th Cir.1982), *cert. denied*, 460 U.S. 1024, 103 S.Ct. 1276, 75 L.Ed.2d 496 (1983). The *Lamb* court noted that, "[i]n view of the strong circumstantial evidence instruction preceding this [the implied malice] instruction, ... we cannot conclude that reasonable jurors would have interpreted the latter [charge] as changing the reasonable-doubt burden of proof they were initially told the prosecutor had to meet." *Id.* at 1340. The circumstantial evidence charge accompanying the implied malice instruction in this case was equally as strong as that furnished in *Lamb*.[1]

1. The trial judge charged the jury:

> Circumstantial evidence is that which only tends to establish the issue by proof of various facts, sustaining by their consistency, the hypothesis claimed. To warrant a conviction on circumstantial evidence, the proven facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.
>
> When the guilt of a defendant depends on circumstantial evidence alone, the rule is that each separate fact or issue linked in the chain

of circumstances from which the deduction of guilt is sought to be drawn must be clearly proven beyond a reasonable doubt. A fact or circumstance not so clearly proven shall not be considered by the jury as part of the chain of circumstances, but should be rejected by them. Circumstances so proven must be a part of a complete unbroken chain and must not only be consistent with the defendant's guilt, but must exclude every other reasonable hypothesis, save that of the guilt of the accused. If one or more of the circumstances relied upon by the State are not so clearly

Thus, viewing the instructions, reasonable jurors would not have interpreted the jury instruction on implied malice as burden-shifting. *Jarrell v. Balkcom*, 735 F.2d 1242, 1256 (11th Cir.1984). Appellant attempts to distinguish *Lamb* by relying upon the considerable evidence presented at trial regarding provocation. This reliance is misplaced. The magnitude of evidence indicating provocation goes only to the question of whether, if the burden of proof in fact shifted, the error was harmful. Since, pursuant to *Lamb*, the burden of proof never shifted, evidence concerning provocation has no bearing upon this issue.

### Intent Instruction

 Appellant next contends that the tainted charge on malice infected the trial court's charge on intent [2] so as to create an impermissible mandatory inference in violation of *Francis v. Franklin*, —— U.S. ——, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985). We disagree. The intent charge, while allowing the jury to draw inferences from the facts found from the evidence, did not obligate them to do so. We have routinely upheld similar charges. *Hance v. Zant*, 696 F.2d 940, 953 (11th Cir.1983). Whether viewed alone or in conjunction with the implied malice charge, the intent charge passes constitutional muster.

### Alleged Vagueness of Term "Abandoned and Malignant Heart"

Finally, appellant asserts that the phrase "abandoned and malignant heart,"

as employed in the implied malice charge, is unconstitutionally vague. Our review of the record reveals that this is the first occasion on which appellant has asserted as a ground for his objection to the implied malice charge that the term "abandoned and malignant heart" is unconstitutionally vague. Appellant did not raise this ground at trial, on appeal of his convictions, when seeking his state habeas remedies, or at the habeas proceeding before the federal district court. What appellant seeks to do is to assert for the first time in this court a new ground for relief. The vagueness assertion was not presented to the district court. Had it been, the entire petition may well have been subject to dismissal for want of exhaustion. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Clearly, appellant may not avoid that problem by withholding the ground in his district court petition and seeking to assert it here for the first time. *See United States v. Hicks*, 524 F.2d 1001, 1004 (5th Cir.1975), *cert. denied*, 425 U.S. 953, 96 S.Ct. 1729, 48 L.Ed.2d 197 (1976).

Having found all of appellant's contentions without merit, the decision of the district court is

AFFIRMED.

proven, and for that reason you reject one or more of the circumstances so relied upon, then you would inquire whether the remaining circumstances you believe are so clearly proven or consistent with the defendant's guilt and inconsistent with any other reasonable hypothesis save that of his guilt.

2. The trial court provided the following instruction:

I charge you that intent is an essential element of any crime and must be proved by the State beyond a reasonable doubt.

I charge you that a person will not be presumed to act with criminal intent, but the trier of the facts, and that is you members of the jury, may find such intention, or the absence thereof, upon consideration of words,

conduct, demeanor, motive, and all other circumstances connected with acts for which the accused is being prosecuted.

I charge you further that you may infer that a person of sound mind and discretion intends to accomplish the natural and probable consequences of his intentional acts. And if a person of sound mind and discretion intentionally, and without justification, uses a deadly weapon or instrumentality in the manner in which such weapon or instrumentality is ordinarily used, and thereby causes the death of a human being, you may infer the intent to kill. Whether or not you make such inference is a matter solely within your discretion.