**Tony Curtis HILL, Petitioner–Appellant,**

v.

**Ralph KEMP, Warden, Georgia Diagnostic and Classification Center, Respondent–Appellee.**

No. 86–8586.

United States Court of Appeals, Eleventh Circuit.

Dec. 7, 1987.

Floyd M. Buford, Jr., Macon, Ga., (Court-appointed), for petitioner-appellant.

Mary Beth Westmoreland, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before RONEY, Chief Judge, ANDERSON and EDMONDSON, Circuit Judges.

RONEY, Chief Judge:

Tony Curtis Hill, a Georgia state prisoner convicted for murder and forcible rape, was initially sentenced to death. *Hill v. State*, 246 Ga. 402, 271 S.E.2d 802 (1980), *cert. denied*, 451 U.S. 923, 101 S.Ct. 2001, 68 L.Ed.2d 313 (1981). As a result of state post-conviction proceedings, Hill was resentenced to life imprisonment. *Zant v. Hill*, 249 Ga. 269, 289 S.E.2d 765 (1982). On this appeal from the district court's denial of 28 U.S.C.A. § 2254 habeas corpus relief, *Hill*

*v. Zant,* 638 F.Supp. 969 (M.D.Ga.1986), Hill argues four issues: (1) a *Miranda* violation which resulted in the discovery of evidence of clothes worn at the time the crime was committed; (2) the trial court refused to give a lesser included offense charge on statutory rape; (3) the insufficiency of the evidence to constitutionally convict the defendant; and (4) a *Sandstrom* violation in instructions to the jury. We affirm.

### Miranda

■ The only evidence admitted at Hill's trial after the alleged violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), in questioning the defendant, consisted of clothing which the defendant had allegedly worn during the commission of the crime. The district court found that the police stopped questioning as soon as Hill objected to answering further questions, and resumed questioning some time later after a cooling off period. The court found that this was within the guidelines of *Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), which held that the *Miranda* opinion could not be read to create a *"per se* proscription of indefinite duration upon any further questioning by any police officer on any subject, once the person in custody has indicated a desire to remain silent." *Id.* at 102–03, 96 S.Ct. at 326 (footnote omitted).

It appears clear that there was no constitutional violation. The information concerning the clothing had come out prior to the defendant's indicating that he wished to answer no further questions. The officers were simply asking consent to obtain the clothes, and it appears clear that the clothes would be admissible in evidence under the inevitable discovery exception to a *Miranda* violation. *See Nix v. Williams,* 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); *United States v. Kroesser,* 731 F.2d 1509, 1519 (11th Cir.1984).

### Lesser Included Offense Charge

■ The defendant sought, but was refused, a charge on statutory rape, which he contended was a lesser included offense of forcible rape, relying on *Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). Since the defendant has received a life sentence, there is some doubt as to whether the failure to charge on a lesser included offense rises to a constitutional error. *See Perry v. Smith,* 810 F.2d 1078, 1080 (11th Cir.1987); *Easter v. Estelle,* 609 F.2d 756, 758 (5th Cir.1980). In any event, the Supreme Court of Georgia specifically held in this case that as a matter of state law statutory rape was not a lesser included offense of forcible rape. *Hill v. State,* 271 S.E.2d at 807. A defendant in a capital case is not entitled to a lesser included offense charge unless he could be legally convicted of that offense by the jury. *See Spaziano v. Florida,* 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984) (lesser included offense charge need not be given if the statute of limitations would bar a conviction of that offense). If no lesser included offense exists, a lesser included offense instruction would detract from the rationality of the process due the defendant. *Id.* at 455, 104 S.Ct. at 3159.

■ The facts necessary to convict on a statutory rape charge were not alleged in the indictment. A federal court must follow a state court's decision as to whether a defendant could be convicted legally of a lesser included offense in deciding whether the failure to give a lesser included offense charge violates the Constitution.

### Sufficiency of Evidence

■ The district court properly found that there was sufficient evidence for a rational trier of fact to convict the defendant of murder and forcible rape. Hill's challenge to the sufficiency of the evidence falls far short of the showing required in order to reach a constitutional violation under *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

### Sandstrom

■ The argument that the trial court's charge on intent impermissibly shifted the burden of proof under *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61

L.Ed.2d 39 (1979), is best considered upon a reading of the entire charge, about which defendant complains:

> I charge you that a person will not be presumed to act with criminal intention but the trier of the facts, and that is you, the jury, *may* find such intention upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted. A specific intention to commit the crime charged in this indictment and each count thereof is an essential element that the State must prove to a moral and reasonable certainty and beyond a reasonable doubt. *Intent is always a question for the jury and is ordinarily ascertained by act and conduct.* Intent *may* be shown in many ways, provided the jury finds that it existed from the evidence produced before for them, that is here in this courtroom during this trial. It *may be inferred* from the proven circumstances or by acts and conduct or it *may* be presumed when it is the natural and necessary consequences of the act. (Emphasis added).

The Court holds that this charge does not violate *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) or *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985). There is no place in this charge in which there was an indication that the defendant must come forward with evidence to rebut a presumption or an inference. The charge is simply a classic circumstantial evidence charge indicating that the jury *may* make certain inferences from the evidence that is presented to it. The charge, as a whole, clearly instructed that the State had the burden of proof on the issue of intent of the person that committed this crime. *See Humphrey v. Boney,* 785 F.2d 1495, 1497 (11th Cir.1986).

We also note, however, that there was never any reasonable argument or suggestion made to the jury that the person that committed this crime did not intend to murder the victim. Hill's defense was alibi,

which does not take away the burden of the State to prove intent, nor does it mean that intent is not an "issue" in the sense that the jury must find intent in order to convict the defendant of this crime. When alibi is a defense, however, and the evidence clearly establishes the fact that whoever committed the offense intended to commit it, and there is no argument otherwise to the jury, the harmlessness of any *Sandstrom* violation becomes more evident. *See Rose v. Clark,* —— U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986); *Miller v. Norvell,* 775 F.2d 1572, 1576 (11th Cir. 1985), *cert. denied,* 476 U.S. 1126, 106 S.Ct. 1995, 90 L.Ed.2d 675 (1986); *Tucker v. Kemp,* 762 F.2d 1496, 1503 (11th Cir.1985) (*en banc*), *cert. denied,* —— U.S. ——, 106 S.Ct. 3340, 92 L.Ed.2d 743 (1986); *Drake v. Kemp,* 762 F.2d 1449, 1455 (11th Cir.1985) (in banc), *cert. denied,* —— U.S. ——, 106 S.Ct. 3333, 92 L.Ed.2d 739 (1986).

AFFIRMED.