On Return to Remand

McMILLAN, Judge.
This cause was remanded to the trial court, pursuant to the Alabama Supreme Court’s decision in Ex parte McWilliams, 640 So.2d 1015 (Ala.1993), for the trial court to determine whether, in sentencing McWil-liams, it had considered portions of McWil-liams’s presentence report, wherein the victim’s family members stated their opinions of McWilliams, the murder, and the appropriate sentence for McWilliams, 640 So.2d 1025. On return to remand, the trial court has filed written findings with this court, wherein it is stated:
“(5) This Court reviewed these victim impact statements, but in no way considered any part of these victim impact statements in deciding what sentence to impose on McWilliams. This Court in no way considered any part of these victim impact statements in sentencing McWilliams to death.
“(6) This Court has reviewed Payne [v.] Tennessee, 501 U.S. [808], 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991), and determined in sentencing McWilliams to death, this Court in no way violated the restrictions stated in Payne and contained in Ex parte McWil-liams.”
Because the trial court did not consider the victim impact statements included in McWil-liams’s presentence report in sentencing McWilliams, there was no error in the trial court’s imposition of the death sentence.
AFFIRMED.
All Judges concur.