James Edmund McWilliams, Jr., was convicted of capital murder in 1986 for the 1984 murder of Patricia Reynolds and was sentenced to death. The Court of Criminal Appeals affirmed McWilliams's conviction and sentence. See McWilliams v. State,640 So.2d 982 (Ala.Crim.App. 1991). This Court granted McWilliams's petition for the writ of certiorari. Rule 39(c), Ala.R.App.P. We affirmed the Court of Criminal Appeals as to its holding on McWilliams's conviction; however, we remanded with instructions as to his sentence. See Ex parte McWilliams,640 So.2d 1015 (Ala. 1993).
Specifically, we concluded in our 1993 opinion that McWilliams's Eighth Amendment rights had been violated if the trial court, in considering a presentence report, had relied upon certain victim impact statements wherein Reynolds's family members had submitted "their characterizations or opinions of [McWilliams], the crime, or the appropriate punishment." Exparte McWilliams, supra, at 1017. Noting that the record did not indicate whether the court had considered those statements, we remanded, with the following instructions:
 "On remand, the trial judge is directed to determine and make a written finding stating whether, in imposing the sentence upon James McWilliams, he considered the portions of the presentence report wherein Patricia Reynolds's family members stated their characterizations of McWilliams, the murder of Reynolds, or the appropriate sentence for McWilliams. If, and only if, the trial judge finds that he did consider those portions of the presentence report, then he is hereby directed to vacate McWilliams's death sentence and to hold *Page 91 
another sentencing hearing consistent with this opinion."
640 So.2d at 1017.
On return to the remand, the trial court filed the following written findings with the Court of Criminal Appeals:
 " '(5) This Court reviewed these victim impact statements, but in no way considered any part of these victim impact statements in deciding what sentence to impose on McWilliams. This Court in no way considered any part of these victim impact statements in sentencing McWilliams to death.
 " '(6) This Court has reviewed Payne [v.] Tennessee, 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991), and [has determined that] in sentencing McWilliams to death, this Court in no way violated the restrictions stated in Payne and contained in Ex parte McWilliams.' "
McWilliams v. State, 666 So.2d 89 (Ala.Crim.App. 1994). The Court of Criminal Appeals affirmed the sentence. McWilliams v.State, supra. This Court again granted McWilliams's petition for certiorari review. Rule 39(c), Ala.R.App.P.
The trial court complied with our instructions to make written findings as to whether it considered those portions of the statements by Reynolds's family members concerning McWilliams, the crime, and the sentence. In its written findings, the trial court expressly found that it didnot consider those portions of the presentence report. Therefore, it was not required to hold another sentencing hearing for McWilliams. Ex parte McWilliams, supra. Because the trial court did not consider the statements in imposing McWilliams's sentence, we conclude that McWilliams's Eighth Amendment rights were not violated. Therefore, we affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.