733 So.2d 921 (1998)
Randall BURTRAM
v.
STATE.
No. CR-97-1785.
Court of Criminal Appeals of Alabama.
December 18, 1998.
Rehearing Denied March 26, 1999.
Jeb Stuart Fannin, Talladega, for appellant.
Bill Pryor, atty. gen., and Yvonne A.H. Saxon, Montgomery, for appellee.
*922 COBB, Judge.
Randall Burtram appeals from the trial court's denial of his motion to withdraw his guilty plea following a conviction for rape in the first degree. Burtram was charged in a two-count indictment with rape by forcible compulsion (Count I) and rape of a child between the ages of 12 and 16 (Count II). After plea negotiations, Count II was dismissed and Burtram pleaded guilty to the offense charged in Count I. The State's factual basis for the plea was that on March 8, 1997, Burtram, who is over 16 years old, used force against the victim, who was 12 years old at the time of the offense, in order to have sex with her.
Burtram claims that he should have been allowed to withdraw his guilty plea because, he says, he received ineffective assistance of trial counsel on two occasions during his guilty plea proceedings. In order to prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient, and (2) that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of guilty plea proceedings, a petitioner must show that, but for his counsel's errors, he would not have pleaded guilty but would have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

I.
Burtram contends that trial counsel was ineffective because, he says, counsel coerced him into pleading guilty by telling him that, if his case went to trial, he could be found guilty of both rape in the first degree and rape in the second degree, as charged in the two-count indictment. Trial counsel testified at Burtram's hearing on the motion to withdraw his guilty plea that it was his opinion that based on the facts of the case, Burtram could be convicted of both first- and second-degree rape. Therefore, he says, he advised Burtram of the possible consequences of proceeding to trial, including that in some cases, rape in the second degree is treated as a separate offense from rape in the first degree and not necessarily a lesser included offense.
"Although in limited circumstances, second degree rape can be a lesser included offense of first degree rape, see Ex parte Washington, 571 So.2d 1062 (Ala.1990),... generally it is not a lesser included offense, see Allen v. State, 472 So.2d 1122 (Ala.Cr.App.1985); Ross v. State, 529 So.2d 1074 (Ala.Cr.App.1988)." Ellis v. State, 686 So.2d 1265, 1266 (Ala.Cr.App. 1996). Burtram did not offer any facts or caselaw in support of his argument that counsel's assertion that Burtram could be convicted of both first- and second-degree rape was error. Therefore, Burtram did not prove that trial counsel's performance fell below the standard enunciated in Strickland.
Moreover, counsel correctly informed Burtram that rape by forcible compulsion under 13A-6-61(a)(1), Ala.Code 1975, (Count I), is a separate offense from rape by a male 16 years old or older of a female who was less that 16 but more that 12 years old, 13A-6-62(a)(1) (Count II). Burtram was charged in pertinent part as follows:
"Count One: ... Randall Burtram ... a male, did engage in sexual intercourse with [K.A.], a female, by forcible compulsion, in violation of § 13A-6-61 of the Code of Alabama.
"Count Two: ... Randall Burtram ... a male, did engage in sexual intercourse with [K.A.], a female, who was less than sixteen years of age and more than twelve years of age, the said Randall Burtram ... being sixteen years of age or older and at least two years older than the said [K.A.], in violation of § 13A-6-62 of the Code of Alabama."
C.R. 5.
By statute, rape in the first degree is defined as follows:

*923 "(a) A male commits the crime of rape in the first degree if:
"(1) He engages in sexual intercourse with a female by forcible compulsion; or
"(2) He engages in sexual intercourse with a female who is incapable of consent by reason of being physically helpless or mentally incapacitated; or
"(3) He, being 16 years or older, engages in sexual intercourse with a female who is less than 12 years old."
§ 13A-6-61, Ala.Code 1975.
Rape in the second degree is defined as follows:
"(a) A male commits the crime of rape in the second degree if:
"(1) Being 16 years old or older, he engages in sexual intercourse with a female less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the female.
"(2) He engages in sexual intercourse with a female who is incapable of consent by reason of being mentally defective."
§ 13A-6-62, Ala.Code 1975.
Here, each count charged a crime requiring proof of a statutory element not contained in the other. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Count I required proof of forcible compulsion not required for Count II. Count II required the proof of the ages of the perpetrator and the victim, which Count I did not. Under Blockburger, even though the two counts in the indictment were based on one incident of rape, Burtram could properly be convicted for both counts "notwithstanding a substantial overlap in the proof offered to establish the crimes," Iannelli v. United States, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 43 L.Ed.2d 616, (1975).
Our rationale is the same as that applied in determining that a defendant charged and convicted of multiple counts of capital murder based partly on the same act does not violate the prohibition against double jeopardy. In those cases we stated that:
"[T]he test in determining whether the charges run afoul of the Double Jeopardy Clause is whether each crime contains a statutory element not contained in the other. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); See also United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (a plurality of the United States Supreme Court reaffirmed the Blockburger test as the sole criterion for judging double jeopardy claims); Seritt v. State, 647 So.2d 1 (Ala. Cr.App.), cert. denied, 647 So.2d 1 (Ala. 1994)."
Williams v. State, 710 So.2d 1276, 1321, (Ala.Cr.App.1996), aff'd, Ex parte Williams, 710 So.2d 1350 (Ala.1997) (convictions upheld for the capital offense of murder committed during the course of a robbery in the first degree, and the capital offense of murder of two or more persons by one act or pursuant to one scheme or course of conduct); Seritt v. State, 647 So.2d 1 (Ala.Cr.App.1994) (convictions on two counts of capital murder arising out of the killing of one person upheld: commission of an intentional killing when defendant had previously been convicted of murder in the preceding 20 years and intentional killing during the course of first-degree burglary); Powell v. State, 631 So.2d 289 (Ala.Cr.App.1993) (convictions on two counts of capital murder arising out of the killing of one person upheld: murder during a robbery and murder during a burglary); Merriweather v. State, 629 So.2d 77 (Ala.Cr.App.1993) (convictions on two counts of capital murder arising out of the killing of one person upheld: murder during the commission of a robbery in the first degree and murder during the commission of burglary); Ex parte Haney, 603 So.2d 412 (Ala.1992) (convictions on two counts of capital murder arising out of the killing of one person upheld: murder for hire and murder during a robbery); Stewart v. State, 601 So.2d 491 (Ala.Cr.App.1992), aff'd in part, rev'd in *924 part, 659 So.2d 122 (Ala.1993) (convictions on two counts of capital murder arising out of the killing of one person upheld: murder during the course of a burglary and murder during the course of a kidnapping); Ex parte Henderson, 583 So.2d 305 (Ala.1991) (murder during a robbery and murder committed for pecuniary gain); Ex parte McWilliams, 640 So.2d 1015 (Ala.1993), aff'd, after remand, 666 So.2d 90 (Ala.1995) (two counts of murder made capital because murder occurred during a robbery and one count of murder made capital because murder occurred during a rape.)
We acknowledge that a case more ripe for our discussion would be a case in which the defendant had been charged with, and convicted of, both forcible rape and statutory rape of the same victim. However, our intention is to make it perfectly clear that Alabama has organized its laws so that first-degree rape under § 13A-6-61 and second-degree rape under § 13A-6-62 are distinct offenses.[1] Therefore, Burtram could have been convicted of, and sentenced for, each count charged in the indictment even though each count arose from a single incident. Counsel's advice to Burtram was correct; therefore, counsel's performance was not ineffective.

II.
Burtram contends on appeal that trial counsel was ineffective for failing to interview all possible defense witnesses. He presented nothing on appeal in support of this contention other than his assertion that there "were some witnesses that were never spoken to in this case." Appellant's brief, p. 3. Therefore, nothing has been presented to this court to remotely suggest that counsel's performance was deficient or that Burtram was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Nor has Burtram shown that he would not have pleaded guilty but would have instead insisted on proceeding to trial but for counsel's alleged errors.
Moreover, in consideration of an eventual Rule 32, Ala.R.Crim.P., petition claiming ineffective assistance of appellate counsel, we note the following based on the record. At the hearing on his motion to withdraw his guilty plea, Burtram specifically named William Dean, Jerry Morris, and his wife as witnesses who could have helped his defense had trial counsel interviewed them. According to Burtram, Dean, who is Burtram's brother, would *925 have testified that Dean had had sex with the 12-year old victim. However, the prosecutor stated that Dean was under subpoena by the State to appear as a State's witness because his testimony would have been inculpatory, not exculpatory. Counsel is not ineffective for failing to call a witness who plans to testify against the defendant. Moreover, trial counsel testified that he did attempt to contact Dean, but because Dean was incarcerated during that time he had not been able to reach him by telephone. Based on the testimony presented at the hearing we cannot conclude that trial counsel's failure to talk to Dean constituted ineffective assistance of counsel under Strickland.
According to Burtram, Morris would have testified that "the children were [already] drinking [alcohol] when they came to [his] house." R. 32. The evidence presented at the guilty plea colloquy tended to show that the victim and a group of friends went over to Burtram's house, where she became drunk. At some point everyone but the victim and Burtram went to town. The rape occurred while the others were gone. Morris's testimony would not have prevented a conviction for rape. Therefore, based on the testimony presented at the hearing, we cannot conclude that trial counsel's failure to talk to Morris constituted ineffective assistance of counsel under Strickland. Burtram did not state what he expected his wife's testimony to be. However, it is stated in the record that she gave a statement to the police. In any event, based on the testimony presented at the hearing, we cannot conclude that trial counsel's failure to interview Burtram's wife as a possible witness was ineffective assistance of counsel under Strickland.
Trial counsel testified at the hearing and denied that Burtram was coerced into pleading guilty and also denied that he had failed to contact necessary witnesses. In addition to his attempts to contact Dean, trial counsel testified that he spoke with Morris and Burtram's wife in preparing Burtram's defense. It is not entirely clear from the record, but apparently counsel did not find his conversations with Morris and Burtram's wife to be favorable to the defense. However, it appears that Morris and Burtram could have been called as witnesses had Burtram elected to go to trial.
"Whether to allow a defendant to withdraw his guilty plea rests within the sound discretion of the trial court, and this Court will not overrule that decision on appeal absent an abuse of discretion." Thacker v. State, 703 So.2d 1023, 1026 (Ala.Cr.App. 1997). Based on the record, we cannot find that the trial court abused its discretion in denying Burtram's motion to withdraw his guilty plea based on ineffective assistance of trial counsel. Therefore, the trial court's denial of Burtram's motion to withdraw his guilty plea is affirmed.
AFFIRMED.
LONG, P.J., and McMILLAN and BROWN, JJ., concur.
BASCHAB, J., concurs in result only with opinion.
BASCHAB, J., concurring in result only.
I do not agree with the majority's blanket assertion that first-degree rape and second-degree rape are separate offenses. I believe that the majority's strict reliance on Blockburger is misplaced. This court has previously noted that "`the Alabama Supreme Court has explicitly rejected a strict "elements" approach to the lesser-included/same offense determination, and has implicitly recognized the Blockburger test as a "floor" rather than a "ceiling" for "same offense" definitions.'" Knight v. State, 675 So.2d 487, 497 (Ala.Cr.App. 1995), writ denied, 675 So.2d 502 (Ala.1996) (quoting King v. State, 574 So.2d 921, 930 (Ala.Cr.App.1990) (Bowen, J., concurring specially)). Furthermore, we have held that "the Blockburger test should be applied in light of the particular facts in question and not to the elements of the *926 crime in the abstract." State v. Patton, 669 So.2d 1002, 1005 (Ala.Cr.App.1993). However, because Alabama caselaw on this issue is unsettled, I cannot say that trial counsel was ineffective for advising the appellant that there was a possibility that he could be convicted of both first- and second-degree rape. Therefore, I concur in the result only.
NOTES
[1] Other jurisdictions have held similarly: State v. Crotsley, 308 Or. 272, 280, 779 P.2d 600, 604 (1989) ("In raping a 14-year-old girl, defendant violated two different prohibitions that the legislature has codified as separate criminal offenses. He forced his victim to engage in sex against her will, and he chose a victim to whom the legislature had accorded additional protection because of her age."); Commonwealth v. Rhodes, 510 Pa. 537, 560-61, 510 A.2d 1217, 1229 (1986) ("We reject the implication of this passage that an act of sexual intercourse with a victim who is under the age of fourteen years cannot constitute rape as well as statutory rape where the elements of each distinct offense have been proven beyond a reasonable doubt.... The crimes of rape and statutory rape are no longer mutually exclusive offenses as they were held to be by this Court when statutory rape was defined as `consensual carnal knowledge of a female under the age of sixteen years, by a male, not her husband, older than sixteen....' ... Nor do double jeopardy principles or the doctrine of merger of lesser included offenses prohibit the conviction and sentence for both rape and statutory rape arising from a single act of sexual intercourse.... [T]he Commonwealth suffered two injuries from appellant's single act in that appellant not only engaged in forcible intercourse with an individual who was not his spouse, but also corrupted the morals of a child under the age of eighteen."); Hill v. Kemp, 833 F.2d 927 (11th Cir.1987) ("In any event, the Supreme Court of Georgia specifically held in this case that as a matter of state law statutory rape was not a lesser included offense of forcible rape."); State v. Burden, 203 N.J.Super. 149, 151, 495 A.2d 1378, 1379 (1985) ("Because second degree statutory rape has different and greater elements relating to the ages of the victim and the actor than first degree aggravated sexual assault, it is not a lesser included offense and cannot be submitted to a jury without a defendant's consent.").