185 N.J. Super. 72 (1982)
447 A.2d 219
STATE OF NEW JERSEY, PLAINTIFF,
v.
CHRIS MURPHY, DEFENDANT.
Superior Court of New Jersey, Law Division Hudson County.
Decided May 28, 1982.
*73 Barbara Johnson, Assistant Prosecutor, for plaintiff (Harold J. Ruvoldt, Jr., Hudson County Prosecutor, attorney).
Thomas J. Kilcoyne, Assistant Deputy Public Defender, for defendant (Stanley C. Van Ness, Public Defender, attorney).
STERN, J.S.C.
This opinion formally embodies my oral reasons for denying defendant's request that I not charge "recklessness" as an alternative culpability requirement in this case in which defendant is charged with committing an aggravated assault "knowingly". The issue is significant and yet unanswered by *74 appellate authority since enactment of the Code of Criminal Justice, N.J.S.A. 2C:1-1 et seq., which became effective on September 1, 1979.
Defendant was indicted for resisting arrest by punching police officers Byrne and Kochanski, in violation of N.J.S.A. 2C:29-2, and for aggravated assault upon Officer Kochanski, in violation of N.J.S.A. 2C:12-1(b)(5)(a). Giving the State the benefit of all legitimate inferences, it appears that Byrne and Kochanski, while in uniform, responded to a call indicating that a car was double-parked near the intersection of Kennedy Boulevard and 33rd Street in Bayonne during the early morning hours of July 3, 1981. They found defendant asleep at the wheel and detected an odor of alcohol in the vehicle. While Byrne was leaning in the car and trying to awaken defendant, the officer was punched in the forehead. As a result defendant was placed under arrest for assault and was so advised by Byrne. After defendant was removed from the vehicle he punched Kochanski, thereby causing bodily injury. He subsequently made various other physical efforts to avoid detention.
N.J.S.A. 2C:29-2, resisting arrest, deals with purposeful conduct, but N.J.S.A. 2C:12-1(b)(5)(a) provides that a person is guilty of aggravated assault if he "commits a simple assault ... upon any law enforcement officer acting in the performance of his duties while in uniform or exhibiting evidence of his authority." "Simple assault" is defined in N.J.S.A. 2C:12-1(a) which provides, in part, that "a person is guilty of assault if he (1) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another." (Emphasis supplied). The issue raised deals only with whether the "reckless" culpability state can be charged with respect to the assault count.
The decision to charge "recklessness" is critical in this case because the "defense" of intoxication and justification of self-defense are advanced. Those defenses may generally be employed to negative an element of the offense, including culpability. See N.J.S.A. 2C:1-13, 1-14(h); State v. Galiyano, *75 178 N.J. Super. 393 (App.Div. 1981), certif. den. 87 N.J. 424 (1981). However, "when `recklessness' establishes an element of the offense, if the actor, due to self-induced intoxication, is unaware of a risk of which he would have been aware had he been sober, such unawareness is immaterial". N.J.S.A. 2C:2-8(b). See State v. Stasio, 78 N.J. 467 (1979). Moreover, as the case involves the charge of aggravated assault by causing bodily injury to a law enforcement officer in uniform, N.J.S.A. 2C:12-1(b)(5), occurring prior to September 24, 1981, the statutory concept of "imperfect self-defense" is involved. See N.J.S.A. 2C:3-9(b) deleted by L. 1981, c. 290 § 6. See, also State v. Powell, 84 N.J. 305, 313 (1980). Thus, even if defendant's beliefs about the use of force at the time were unreasonable, they could still negate a purposeful or knowing culpability requirement but not one for which recklessness or negligence may suffice.[1]
Count two of the indictment charges the defendant "did knowingly cause bodily injury, to wit, damage to the eye of patrolman Kochanski of the Bayonne Police Department while the said officer was acting in the performance of his duties, while in uniform...." (Emphasis supplied). Despite the alleged culpability state, I shall also charge "recklessness" as an alternative culpability requirement. The general requirements of culpability are set forth in N.J.S.A. 2C:2-2. They include purposeful, knowing, reckless and negligent conduct. N.J.S.A. 2C:2-2(c)(2) provides:
When the law provides that a particular kind of culpability suffices to establish an element of an offense such element is also established if a person acts with a higher kind of culpability.
N.J.S.A. 2C:2-2(e) further states:
When the grade or degree of an offense depends on whether the offense is committed purposely, knowingly, recklessly or criminally negligently, its grade *76 or degree shall be the lowest for which the determinative kind of culpability is established with respect to any material element of the offense.
While the Legislature clearly provided that proof of the least required culpability element is sufficient when alternative kinds are proscribed for the same offense or degree of offense, it appears that the Legislature also intended that pleading the most serious culpability state suffices for lesser kinds of culpability. See N.J.S.A. 2C:1-2(b)(4), 1-2(b)(6), 1-2(c). This is true irrespective of whether the lesser culpability is the basis for distinguishing between kinds of crime, one crime and a lesser included offense or alternative elements with respect to the same degree.[2] The fact that there are degrees of culpability embodied in N.J.S.A. 2C:2-2 which run from the most serious to the least serious is evidenced by N.J.S.A. 2C:1-8(d) which provides:
A defendant may be convicted of an offense included in an offense charged whether or not the included offense is an indictable offense. An offense is so included when:
(3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission. [Emphasis supplied].
Frequently, culpability is determinative of degree of crime, and degree is dispositive for sentencing purposes. See, e.g., N.J.S.A. 2C:43-1, 43-6, 43-7. There can be no question therefore that "reckless" conduct constitutes a lesser kind of culpability than "knowing" conduct, and I shall charge both elements, as alternative types of culpability, under the facts of this case. See N.J.S.A. 2C:1-8(e); see also State v. Powell, supra, 84 N.J. at 318-319; State v. Saulnier, 63 N.J. 199, 205-207 (1973).[3]
NOTES
[1] The defense was deleted because of the "reasonableness" requirement of self-defense. See N.J.S.A. 2C:3-4(a); par. 7 to Statement of Senate Judiciary Committee to S. 1537 which became L. 1981, c. 290. A charge on "imperfect self-defense" is to be given to this case because of its substantive nature. See State v. Molnar, 81 N.J. 475, 487 (1980).
[2] The real question relates only to the alternative elements with respect to the same degree because in certain provision such as N.J.S.A. 2C:12-1(b)(5) the Legislature used alternative culpability states. See N.J.S.A. 2C:12-1(b)(5) incorporating N.J.S.A. 2C:12-1(a). See also N.J.S.A. 2C:12-1(a)(1). It is clear that the Legislature concluded that "reckless" conduct constituted a lesser type of culpability than "purposeful" or "knowing" conduct. See 2 N.J.Crim.Law Rev. Comm'n Final Report, Commentary, at 41-46, 48 (1971).
[3] As we are dealing with a lesser included offense, there is no Sixth Amendment or other `notice' issue raised or projected.