186 N.J. Super. 198 (1982)
451 A.2d 1338
STATE OF NEW JERSEY, PLAINTIFF,
v.
JUAN BERRIOS, DEFENDANT.
Superior Court of New Jersey, Law Division Hudson County.
June 16, 1982.
*199 Donald L. Gardner, Assistant Prosecutor, for the State (Harold J. Ruvoldt, Jr., Hudson County Prosecutor, attorney).
*200 Dennis L. McGill, Assistant Deputy Public Defender, for defendant (Stanley C. Van Ness, Public Defender, attorney).
STERN, J.S.C.
Defendant was indicted for aggravated assault, in violation of N.J.S.A. 2C:12-1(b)(1) (count 1); possession of a knife for unlawful purposes, contrary to N.J.S.A. 2C:39-4(d) (count 2), and possession of the knife under circumstances not manifestly appropriate for such lawful uses as it may have, in violation of N.J.S.A. 2C:39-5(d) (count 3). Tried before a jury, he was convicted of aggravated assault by recklessly causing bodily injury with a deadly weapon (N.J.S.A. 2C:12-1(b)(3)) as a lesser-included offense on the first count. He was also convicted of violating N.J.S.A. 2C:39-5(d) as charged in the third count. Defendant moved at sentencing for "merger" of the possession charge into the conviction for the assault.
There is no question but that the knife possessed in violation of N.J.S.A. 2C:39-5(d) was the "deadly weapon" (N.J.S.A. 2C:11-1(c)) which caused the bodily injury. The victim testified that defendant purposely stabbed him without provocation following some dispute among members of the extended family with which they both were living. Defendant asserts that he acted in self-defense while being attacked by the victim who was himself intoxicated.[1] Defendant claims that he inadvertently carried the knife in his belt onto the street where the incident occurred because he was suddenly advised (while cooking the family dinner) that his dog was loose and roaming the neighborhood.
*201 State v. Davis, 68 N.J. 69 (1975), and State v. Best, 70 N.J. 56 (1976), embody the Supreme Court's most authoritative views of the law of "merger." While it has held that "one may not be punished twice for the same offense," State v. Best, at 60 the court has not resolved whether the principle is based upon substantive due process, double jeopardy or "some other legal tenet." Id. at 61. Essentially, the question was whether a particular act of a single transaction involved a distinct crime or was an integral part of the principal offense. Various factors were to be considered, including
... the nature of the offenses, the time and place of each offense, whether the evidence submitted as to one count of the indictment is necessary and/or sufficient to sustain conviction under another count, whether one offense is an integral part of the larger scheme, the intent of the accused and the consequences of the criminal standards transgressed. [State v. Best, at 63]
See, also, State v. Davis, supra 68 N.J. at 81; State v. Jamison, 64 N.J. 363 (1974).
The court also recognized that "fractionalization" of offenses was permissible where the Legislature so intended and there was no violation of due process or double jeopardy. State v. Best, at 69. See also, e.g., Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981).
In Best the Supreme Court "merged" a conviction for possession of a dangerous weapon (a knife) into a conviction for armed robbery. The court found the time interval to be significant and found no evidence that Best either carried his knife before the robbery or for any purpose other than the robbery. Id. at 66.
Whether there would be "merger" under Best and prior case law is not the exclusive question, however, in this case arising under the Code of Criminal Justice, N.J.S.A. 2C:1-1 et seq.
Except for chapter 20 of the Code, N.J.S.A. 2C:1-8 appears to set forth the legislative intent concerning the subject. N.J.S.A. 2C:1-8(a) provides:
When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He *202 may not, however, be convicted of more than one offense if: (1) One offense is included in the other as defined in subsection d. of this section."[2]
N.J.S.A. 2C:1-8(d) provides:
A defendant may be convicted of an offense included in an offense charged whether or not the included offense is an indictable offense. An offense is so included when: (1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; ...[3]
This definition must be understood in the context of long-established federal law which authorized cumulative punishment where the same act violates two separate provisions of law only if each crime requires proof of a fact that the other does not. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); 2 Final Report N.J.Law Rev.Comm'n 18-26 (1971). See, also, Albernaz v. United States, supra; Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (applying the Blockburger test to a subsequent prosecution for a greater included offense in a Double Jeopardy context relating to State court proceedings). It is also of note that draft section 2C:1-7(a)(5), quoted in Best 70 N.J. at 69, was not adopted as part of N.J.S.A. 2C:1-8(a) at the time of its enactment. However, there is no indication that the phrase had any substantial impact in Best or would have any in the case at bar.
The question of "merger" under the Code and the Constitution would be harder if defendant were convicted of purposeful or knowing conduct, as charged in the first count (N.J.S.A. 2C:12-1(b)(1)), or if he were convicted of possession of the knife with purpose to use it unlawfully against another, as charged in the second count. But he wasn't so convicted. Rather, he was convicted of recklessly causing bodily injury to another and of *203 possessing the knife under circumstances not manifestly appropriate for such lawful purposes as it may have. The defense contended, contrary to the State's assertion of purposeful and knowing conduct, that there was a struggle for the knife before the stabbing and that the knife was carried by defendant for reasons totally unrelated to the criminal event. Defendant denied carrying the knife in self-defense, although he asserted that he so used it.[4]
N.J.S.A. 2C:39-5(d) may constitute a "lesser-included offense" to possession for unlawful purpose, N.J.S.A. 2C:39-4(d). N.J.S.A. 2C:12-1(b)(3) is undoubtedly a "lesser-included offense" of N.J.S.A. 2C:12-1(b)(1) (and N.J.S.A. 2C:12-1(b)(2)) and can be so charged (see N.J.S.A. 2C:1-8(d)(1), (3), (e)), at least when there is notice in the indictment, as here, relating to the "deadly weapon". But that does not make possession of a knife as a "weapon" (N.J.S.A. 2C:39-1(r)) "under circumstances not manifestly appropriate for such lawful uses as it may have", N.J.S.A. 2C:39-5(d), a "lesser-included offense" to the reckless causing of bodily injury with a deadly weapon, N.J.S.A. 2C:12-1(b)(3), particularly under the facts of this case.[5] Each conviction required proof of a fact the other did not. Moreover, the proofs revealed possession beyond and unrelated to the assault, and given the jury instructions on self-defense relating to possession and the disposition on counts one and two, the jury must have so found.
Thus, I find no requirement of "merger" under N.J.S.A. 2C:1-8. Similarly, I do not read Best or any other appellate *204 authority as requiring a different result under these facts. See State v. Best, supra 70 N.J. at 67; see, also, State v. Pratts, 145 N.J. Super. 79, 94 (App.Div. 1975), aff'd. o.b. 71 N.J. 399 (1976); compare, e.g., State v. D'Agostino, 176 N.J. Super. 49 (App.Div. 1980); State v. Cherry, 154 N.J. Super. 157 (App.Div. 1977). Accordingly, there is no need to determine whether the Code of Criminal Justice limited the doctrine of "merger" in the absence of a constitutional principle requiring same. See N.J.S.A. 2C:1-1(e). The motion is denied.
NOTES
[1] At the request of defendant, "imperfect self-defense" was not charged because of the deletion of subsection (b) of N.J.S.A. 2C:3-9 prior to the trial of the cause. L. 1981, c. 290, § 6.
[2] No other provision of N.J.S.A. 2C:1-8(a) is arguably applicable in this case. The subsection was amended in L. 1981, c. 290, § 2, to make clear that a determination of "merger" must be post-verdict. As a result, an erroneous decision of "merger" may be appealed without jeopardy preclusions. See United States v. Wilson, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); State v. Barnes, 84 N.J. 362, 370 (1980).
[3] No other provision of N.J.S.A. 2C:1-8(d) is arguably applicable.
[4] After this case was tried, N.J.S.A. 2C:39-5(d) was authoritatively construed in State in Interest of T.E.T., 184 N.J. Super. 324 (App.Div. 1982) (approved for publication June 2, 1982).
[5] Thus, assuming that possession for unlawful purpose, N.J.S.A. 2C:39-4(d), merges into a purposeful or knowing assault, it does not necessarily follow under the Blockburger test that a "lesser included offense" to the former merges into an offense "included" within the latter, as there are separate elements of each offense. See also N.J.S.A. 2C:1-14(h).