202 N.J. Super. 548 (1985)
495 A.2d 491
STATE OF NEW JERSEY, PLAINTIFF,
v.
MICHAEL MINCEY, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
Decided February 22, 1985.
*550 Vincent N. Falcetano, Jr. for plaintiff (George Schneider, Essex County Prosecutor, attorney).
Jeffrey N. Greenman for defendant.
VILLANUEVA, J.S.C.
The novel issue presented is: when may third degree aggravated assault with a deadly weapon (N.J.S.A. 2C:12-1(b)(2)) be submitted to a jury as a lesser offense when a defendant is indicted only for second degree aggravated assault. (N.J.S.A. 2C:12-1(b)(1)).
The court holds that such third degree offense is not a lesser included offense and cannot be submitted to a jury without defendant's consent.
Defendant is charged in one count of the indictment with a second degree aggravated assault in violation of N.J.S.A. 2C:12-1(b)(1). This statute provides that a person is guilty of second degree aggravated assault if he:

*551 Attempts to cause serious bodily injury to another, or causes such injury purposely or knowingly or under circumstances manifesting extreme indifference to the value of human life recklessly causes such injury;
The indictment contains two other counts, unlawful possession of a handgun (N.J.S.A. 2C:39-5b) and possession of a firearm for an unlawful purpose (N.J.S.A. 2C:39-4a).
The victim testified that on April 10, 1982, defendant punched her in the neck but she was not injured. Then he got a gun and shot at the victim, but the bullet missed and was never found. The gun was never recovered.
The court determined that there was a rational basis for a verdict convicting defendant of assault, N.J.S.A. 2C:12-1a(1), an included offense. N.J.S.A. 2C:1-8(e). Therefore, this offense was charged as a lesser included offense.
The State requested the court to charge third degree aggravated assault (attempt to cause bodily injury with a deadly weapon) as a lesser included offense to the charge of second degree aggravated assault. Defendant objected to this additional charge, and therefore, the court denied the request.
The jury found defendant not guilty on all counts, but it found defendant guilty of assault.
I write this opinion to record and supplement my reasons for denying State's request to charge the lesser offense.
A person is guilty of third degree aggravated assault if he attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon. N.J.S.A. 2C:12-1(b)(2). Thus, this third degree aggravated assault requires proof of the element concerning a deadly weapon, while the second degree offense does not.
This opinion deals only with that third degree aggravated assault caused by use of a deadly weapon. Actually, there are other third degree aggravated assaults that do not require the use of a deadly weapon. N.J.S.A. 2C:12-1(b)(5).
*552 The general rule is that a criminal defendant may not be convicted for an act not charged in the indictment. U.S. v. Petti, 459 F.2d 294 (3 Cir.1972). There are, however, exceptions to this rule (1) when authorized by case law and by the Code of Criminal Justice; or (2) where defendant consents and there is a rational basis for such charge. See, e.g., State v. Powell, 84 N.J. 305 (1980) and State v. Choice, 98 N.J. 295 (1985). The Code provides that a defendant may be convicted of an offense included in an offense charged whether or not the included offense is an indictable offense. It provides three instances when an offense is considered an included offense: when
(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or
(2) It consists of an attempt or conspiracy to commit the offense charged or to commit an offense otherwise included therein; or
(3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission. [N.J.S.A. 2C:1-8(d).]
Subsection (1) is not satisfied because proof of the elements of this third degree aggravated assault cannot be satisfied by the same or less facts required to establish a second degree aggravated assault because the latter offense does not have the element of a deadly weapon.
The court is not dealing with an attempt or conspiracy to commit a second degree aggravated assault or to commit an offense otherwise included therein, so the second instance by which an offense may be an included offense is not applicable. This provision calls for separate treatment because of the common dogma that failure is an element of an attempt.
The type of culpability required for the commission of third degree aggravated assault is encompassed within second degree aggravated assault. There is, therefore, one element which the two degrees of aggravated assault share. Third degree aggravated assault requires that the bodily injury be attempted or caused with a deadly weapon. N.J.S.A. 2C:12-1(b)(2). *553 There is no requirement, however, that the attempt to cause or causing serious bodily injury in second degree aggravated assault be done with the use of a deadly weapon. N.J.S.A. 2C:12-1(b)(1). This element is an additional fact which must be proved in connection with third degree aggravated assault involving a deadly weapon. It is obvious, therefore, that the facts necessary to prove second degree aggravated assault and this third degree aggravated assault are not the same because of the necessity of a deadly weapon in the latter. Nor can it be said that the facts required to prove third degree aggravated assault are less than those required to prove second degree aggravated assault for the same reason. There is the additional element concerning the deadly weapon. Where the facts necessary to prove the offense are different and greater than those necessary for the offense charged, it is not an included offense. State v. Hunter, 194 N.J. Super. 177, 180 (App.Div. 1984). In State v. Moran, 136 N.J. Super. 188, 191 (App.Div. 1975), aff'd 73 N.J. 79 (1975), the court held that since the proofs necessary to convict for atrocious assault and battery on another and assault and battery on a police officer differ, neither was a lesser included offense of the other.
There could also be a constitutional issue of notice, but that was satisfied in this case. State v. Murphy, 185 N.J. Super. 72, 76 n. 3 (Law Div. 1982).
Third degree aggravated assault differs from second degree aggravated assault with respect to the type of injury required, i.e., less serious injury of bodily injury as opposed to the serious bodily injury required for second degree aggravated assault. An offense is an included offense when it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person or a lesser kind of culpability suffices to establish its commission. N.J.S.A. 2C:1-8(d)(3).
The comment to section 1.07 of the Model Penal Code (Proposed Official Draft 1962), which is the source for the New *554 Jersey Code of Criminal Justice, states that not all offenses which differ from the offense charged in the respect that a less serious injury or risk of injury to the same person or a lesser kind of culpability suffices to establish its commission will necessarily be lesser included offenses. It specifically notes that those offenses which require proof of different facts than those required for the offense charged are not lesser included offenses.
The wording of the third subsection of this statute itself is very clear: "it differs from the offense charged only in the respect that a less serious injury or risk of injury ... suffices to establish its commission." (Emphasis supplied). The addition of a different and greater element would remove the offense from being within the realm of a lesser included offense.
Although third degree aggravated assault differs from second degree aggravated assault with respect to the seriousness of the injury involved, this is not the only difference. Third degree aggravated assault requires the use of a deadly weapon while second degree aggravated assault does not. This different element is not contemplated within the definition of a lesser included offense set forth in N.J.S.A. 2C:1-8(d)(3), and, therefore, third degree aggravated assault cannot be a lesser included offense to second degree aggravated assault pursuant to that subsection. See Model Penal Code, supra; State v. Murphy, supra. See also, State v. Mergott, 140 N.J. Super. 126 (App.Div. 1976) (under pre-Code law assault with a dangerous weapon was not an included offense of assault with intent to kill).
It is this additional element of the deadly weapon in third degree aggravated assault which precludes that offense from being a lesser included offense of second degree aggravated assault. Cf. State v. Berrios, 186 N.J. Super. 198, 203 (Law Div. 1982) (dictum: N.J.S.A. 2C:12-1b(3) is lesser included offense of N.J.S.A. 2C:12-1b(1) when there is notice in the indictment relating to the deadly weapon).
*555 The Legislature, in adopting the Code of Criminal Justice, sought to create five separate and distinct types of aggravated assault for which a defendant could be convicted. N.J.S.A. 2C:12-1(b). Merely because they differ in degree does not make the lower grade of offense a lesser included offense of the higher grade. For instance, would a defendant indicted only for a second degree aggravated assault reasonably believe that he was being tried for a fourth degree offense of assault, such as upon a volunteer fireman  when or because he contends there was no bodily injury? See N.J.S.A. 2C:12-1(b)(5)(b). A reading of this entire section clearly indicates that the Legislature created five alternative types of aggravated assault, all with different elements, and not a second degree aggravated assault with four lesser included offenses with lesser culpability being the only difference.
A verdict may be rendered for an offense different from one charged in the indictment if it is an included offense to the one charged. State v. McCoy, 114 N.J. Super. 479, 482 (App. Div. 1971); N.J.S.A. 2C:1-8(d). However, it is equally clear that a defendant may not be convicted of an offense for which he is not charged in the indictment and which is not a lesser included offense of that designated in the indictment. N.J. Const. (1947), Art. I, par. 10; State v. Koch, 161 N.J. Super. 63, 67 (App.Div. 1978); State v. Zelichowski, 52 N.J. 377, 382 (1968); State v. Begyn, 58 N.J. Super. 185, 201 (App.Div. 1959), aff'd 34 N.J. 35 (1961); Howland v. State, 58 N.J.L. 18 (Sup.Ct. 1895); State v. Wolden, 153 N.J. Super. 57 (App.Div. 1977).
A verdict cannot be molded to convict a defendant of a crime other than, but related to, the crime for which he was indicted if the crime actually proved was not charged in the indictment. State v. Conquest, 152 N.J. Super. 382, 390 (Law Div. 1977); State v. Holder, 137 N.J. Super. 300, 305 (App.Div. 1975), certif. den. 69 N.J. 443 (1976).
However, where a defendant seeks a charge to a lesser offense, and the facts clearly indicate a rational basis for it, there is no reason why he could not be tried for the lesser *556 offense, particularly when he could hope to escape a conviction for a greater offense by doing so.
Accordingly, third degree aggravated assault will not be charged because defendant was not indicted for that crime; this third degree aggravated assault (N.J.S.A. 2C:12-1(b)(2)) is not a lesser included offense of second degree aggravated assault, and defendant has not consented to be tried for this offense.