217 N.J. Super. 417 (1987)
526 A.2d 226
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
TONY H. SLOANE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 1, 1987.
Decided April 30, 1987.
Released for Publication May 22, 1987.
*418 Before Judges DREIER, SHEBELL and STERN.
Alfred A. Slocum, Public Defender, attorney for appellant (Rebecca R. Pressman, designated counsel, on the brief).
*419 W. Cary Edwards, Attorney General, attorney for respondent (Mary Ellen Halloran, Deputy Attorney General, of counsel).
The opinion of the court was delivered by STERN, J.A.D.
Defendant appeals from a conviction of second degree aggravated assault, N.J.S.A. 2C:12-1b(1). As a persistent offender, he was sentenced to an extended term of 20 years with 10 years to be served before parole eligibility. Defendant was acquitted on the second count of the indictment charging him with possession of a knife for an unlawful purpose, N.J.S.A. 2C:39-4d.

I.
The principal issue in this appeal is whether the jury should have been charged with respect to the lesser offenses of purposely, knowingly, recklessly or negligently causing bodily injury with a deadly weapon, N.J.S.A. 2C:12-1a(2), -1b(2) and -1b(3). The trial judge declined to charge the three offenses despite defendant's request for such instructions. He stated that if the facts as alleged by the victim were believed, only the second degree aggravated assault would result. In his view, the proofs revealed that defendant attempted to cause or did cause serious bodily injury to another purposely or knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life. N.J.S.A. 2C:12-1b(1). Under that subsection, the presence or absence of a deadly weapon is irrelevant to the offense. Defendant asserts that the requested charge, relating to offenses which require the use of a deadly weapon, are lesser included to N.J.S.A. 2C:12-1b(1), and that there was a rational basis for instructing the jury as to the alternatives. See N.J.S.A. 2C:1-8d, e.
The State's case was developed through the victim, Clyde Jones, and a friend, Judge Pickett. They testified that an argument developed between Jones and defendant having *420 something to do with a woman during which Jones broke two beer bottles to protect himself. Defendant then left the area after telling Jones "... okay, you want to fight.... I'll be back in a minute." He returned shortly thereafter with a friend and "lunged" at Jones with a knife. Jones admitted grabbing a lug wrench or tire iron but only for self-defense.
The defendant testified that he was attacked by Jones with a tire iron and that defendant acted in self-defense. His position was outlined by defense counsel in summation:
Now, let's look at Tony Sloane's side of the story. Tony Sloane testified that on June 17th, 1982 he was in the area of Perry Street by the Freeway Steakhouse. He's met by Clyde Jones. They're joking. Tony Sloane testified that Clyde Jones was very intoxicated. Clyde Jones asks Tony Sloane for a joint. Tony Sloane says: I don't have a joint. Clyde Jones asks for money. Clyde Jones demands money. He becomes belligerent, breaks two quart size beer bottles, threatens Tony Sloane with them, has him against the wall. When Clyde Jones's attention is momentarily diverted, Tony Sloane manages to escape, seeks refuge. He encounters Henry.
You heard the State's witnesses and Tony Sloane testify as to Henry. Henry informs Tony Sloane: Look, Clyde Jones is acting weird. Don't worry. Let's go home. Let's get out of here. They have to go back to the same area in order to return to where Tony Sloane lives. He must turn pass the same place to get back home.
What happens? Clyde Jones swings up, is armed with now a lug wrench. Clyde Jones and Tony Sloane are involved in a fight. The lug wrench is discarded, a woman arms Clyde Jones now with a third weapon, a knife. Tony Sloane is not able to get away. He's not able to retreat. He attempts to disarm Clyde Jones. They are involved in a struggle. And in the rolling around Clyde Jones is injured. He gets cut. He moves away; he runs away. Tony Sloane realizing what happened attempts to follow Clyde Jones and offer help. He's not able to find Clyde Jones. Tony Sloane returns to Perry Street.
........
Tony Sloane's intentions were to protect himself. He did not attempt to cause serious bodily injury to Clyde Jones. He did not intend, I submit to you, [to] cause serious bodily injury to Clyde Jones. Tony Sloane's intentions were self-protection. There was a struggle and Clyde Jones was cut. He was injured.
Defendant was acquitted of the possession charge. Thus, the jury must have accepted at least aspects of defendant's version. Jones was clearly injured by a knife and while the jury found that defendant caused the injury it also found that defendant *421 did not possess the knife, see N.J.S.A. 2C:2-1c, for an unlawful purpose. As the jury did not accept the justification of self-defense, it was required to chose between a conviction for a second degree crime and an acquittal on the assault.
There is no offense of causing serious bodily injury negligently, and no request was made for an instruction on causing bodily injury purposely, knowingly or recklessly, N.J.S.A. 2C:12-1a(1). Under the facts the jury could have concluded that, notwithstanding the lack of premeditation or possession of the knife with the object of committing an assault, a struggle occurred and defendant unlawfully stabbed Jones during the struggle. However, defendant did not argue that the injury, however caused, was not caused by the knife.
It is evident that the jury found that defendant caused the injury with the requisite culpability.[1]

II.
In State v. Jones, 214 N.J. Super. 68 (App.Div. 1986), this court held that third degree aggravated assault involving a deadly weapon was not a lesser included offense of second degree aggravated assault (which does not require use or possession of a deadly weapon) because of the added element. In so concluding, this court disagreed with State v. Berrios, 186 N.J. Super. 198 (Law Div. 1982) on which defendant now relies. The issue in Berrios was examined in connection with a merger application after the verdict. The position of the parties as to the charge, accordingly, did not have to be developed in the opinion.
State v. Jones, supra held that N.J.S.A. 2C:12-1b(2) (attempting to or purposely or knowingly causing bodily injury with a deadly weapon) and 2C:12-1b(3) (recklessly causing bodily injury with a deadly weapon) are not lesser included offenses of *422 N.J.S.A. 2C:12-1b(1) (attempting to cause or causing serious bodily injury purposely or knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life). Therefore, the court agreed with the defendant that the charge on the lesser included offense, given as a supplementary instruction without request and therefore without defendant's consent, was improper.
The Jones court's rationale is valid on its face  that a deadly weapon is not an element of b(1), but is an element of b(2) and b(3). The difficulty with this approach, however, is that it requires the jury to decide only whether defendant is not guilty, or guilty of second degree aggravated assault, N.J.S.A. 2C:12-1b(1) or, where there is a question regarding the scope of injury or culpability, guilty of simple assault, N.J.S.A. 2C:12-1a(1).
Upon conviction for violating N.J.S.A. 2C:12-1b(1), defendant faces a presumption of imprisonment for a second degree crime. Hence, defendant perhaps guilty only of a third or fourth degree aggravated assault may face a presumption of imprisonment because the prosecutor elected to seek a second degree indictment and "gamble all or nothing" and the jury so found in the absence of a more appropriate alternative. But see State v. Powell, 84 N.J. 305, 317-319 (1980); State v. Christener, 71 N.J. 55 (1976); II Final Report of N.J. Criminal Law Revision Comm'n Commentary to § 2C:12-1 at 178. Similarly, under the Jones approach there may be an acquittal because the defendant did not cause or attempt to cause serious bodily injury or the State may have to "settle" for a disorderly persons conviction where the jury finds mere bodily injury despite proofs that defendant used a weapon. But see State v. Powell, supra, 84 N.J. at 317-319; State v. Mincey, 202 N.J. Super. 548 (Law Div. 1985) (prosecutor's request for instruction under N.J.S.A. 2C:12-1b(2)).
In this case Jones was stabbed through the bicep into his left arm. He was in the hospital five days recovering from the injuries and has two permanent scars, one on the inside and one *423 on the outside of his arm. In light of the injuries and the absence of a request for a charge on simple assault for causing bodily injury, under N.J.S.A. 2C:12-1a(1), we conclude that there was no error in this case caused by the judge's failure to present to the jury any question relating to "bodily injury" as opposed to "serious bodily injury." See N.J.S.A. 2C:1-8d, e; 2C:11-1b, c; see also State v. Choice, 98 N.J. 295, 299-300 (1985). Accordingly there was no need to present the third or fourth degree and disorderly persons offenses involving bodily injury with a deadly weapon to the jury, even assuming that they are lesser included offenses of N.J.S.A. 2C:12-1b(1).[2]

III.
We note that the trial court can charge N.J.S.A. 2C:12-1b(2) and (3) as lesser included offenses to N.J.S.A. 2C:12-1b(1) where both the prosecutor, who has the exclusive responsibility for filing of criminal charges, see e.g., State v. Leonardis, 73 N.J. 360, 369-380 (1977), and defendant both consent. We would find no prohibition to the "filing" of such charges by the prosecutor even during trial (as if by waiver of indictment) where defendant consents, and we do not read State v. Jones as addressing a conviction where defendant requests or consents to the charge.[3] Even under the Jones rationale, a defendant who consents to a charge under N.J.S.A. 2C:12-1b(2) and (3) as lesser included offenses to violation of N.J.S.A. 2C:12-1b(1) cannot complain that he was convicted of the lesser offense.

*424 IV.
Defendant also challenges his sentence as excessive. However, given defendant's 10 prior convictions, including two indictable judgments entered before this offense occurred and one thereafter, we find no basis for disturbing the sentence imposed. State v. Roth, 95 N.J. 334 (1984).
Affirmed.
NOTES
[1] Hence, there was sufficient culpability to sustain a conviction under N.J.S.A. 2C:12-1b(2) or (3). See State v. Murphy, 185 N.J. Super. 72 (Law Div. 1982).
[2] We therefore leave unresolved whether these offenses can be deemed lesser included offenses within the meaning of N.J.S.A. 2C:1-8d(3) when there is no contest that defendant caused the injury with a deadly weapon and the indictment alleges a weapons offense or violation of N.J.S.A. 2C:12-1b(1) with a deadly weapon. See N.J.S.A. 2C:1-2c.
[3] In State v. Mincey, supra the State requested the charge, and defendant objected. The court implied that the situation may be different had defendant consented, at 551-552.