221 N.J. Super. 601 (1988)
535 A.2d 539
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THEODORE QUEEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 25, 1987.
Decided January 11, 1988.
*603 Before Judges FURMAN, BRODY and SCALERA.
Alfred A. Slocum, Public Defender, attorney for appellant (Michael B. Einschlag, Designated Attorney, of counsel and on the brief).
Theodore J. Queen, pro se, on the supplemental brief.
John A. Kaye, Monmouth County Prosecutor, attorney for respondent (Mark P. Stalford, Assistant Prosecutor, of counsel; *604 Patricia E. McHale, Assistant Prosecutor, on the letter brief).
The opinion of the court was delivered by FURMAN, P.J.A.D.
Upon indictment in two counts, the first for sexual assault, N.J.S.A. 2C:14-2c(1), and the second for criminal sexual contact, N.J.S.A. 2C:14-3b, arising out of the same incident, defendant was convicted of both offenses by jury verdict. His criminal sexual contact conviction was merged into his sexual assault conviction. On appeal he raises three issues:
Point I: The trial court committed plain error when it did not charge the jury as to the lesser included offense of simple assault, notwithstanding the fact that no such request was made, because the facts clearly indicate the appropriateness of that charge. (Not raised below)
Point II: The trial court committed plain error, in violation of the fresh complaint rule, (1) when Detective Hoffman was permitted to testify as to the specific details of Ms. Farmer's complaint of sexual assault to the police and (2) when Detective Hoffman was permitted to repeat several of those details by reading a portion of the complainant's statement to the police. (Partially raised below)
Point III: The trial court committed plain error when it charged the jury that credible testimony must be probable under the circumstances. (Not raised below)
In a supplemental pro se brief defendant raises two additional issues:
Point I: The court committed plain error when it charged the jury prejudicially, in regards to the fresh complaint rule. (Not raised below)
Point II: The State used perjured testimony in using Terry Flowers as a witness.
The factual background may be stated briefly. According to both defendant and the victim, they met at a tavern on an early evening in October, bought a half pint of vodka and were sharing it together in the backyard of a rooming house near the tavern, defendant seated in a reclining chair.
The victim testified that she was seated on the arm of the reclining chair alongside defendant. After a half hour or so, defendant put his hand down her shirt and started squeezing *605 her breasts. She said, "Don't do that." Defendant hit her in the face and head, cutting her. He "flipped" her back of the chair. She landed on the ground. He pulled down her pants, ripping them, and lay on top of her. He was unable to penetrate her with his penis. He then grabbed her by the hair and "made" her take his penis in her mouth. Two teenage boys arrived unexpectedly. Defendant jumped up, pulled and zipped up his pants and ran off.
Defendant testified that he fell asleep with the victim seated on his lap. He felt her weight come off him and his wallet being eased out of his back pocket. He grabbed her right arm, pulled her towards him and hit her twice in the mouth. She fell to the ground. As she tried to get up, he pushed her down. She started yelling, "Rape!" He left the scene.
Neither teenage boy was identified by name or produced as a witness at trial. The victim was assisted by Herman Matthews near the scene, across from the tavern. Matthews testified that she was angry and upset, her face bleeding, and that she told him that defendant whom she knew only as "T" "had tried to rape her and had beat her up." Another witness, Larry Yarborough, testified that soon after the event the victim told him, "T had tried to rape her." According to defendant, she did not then know defendant's name, only his nickname; she learned his name from her cousin and reported the incident to the local police two days later.
Defendant urges that the trial court committed plain error in not sua sponte charging simple assault, N.J.S.A. 2C:12-1a(1), to the jury as a lesser included offense of both sexual and criminal sexual contact. We reject that argument. Beyond question, the proofs would have supported factually a jury verdict of guilty of simple assault against defendant. But a conviction of defendant except for an offense charged by indictment, N.J. Const., Art. I, par. 8 and par. 10, or for a lesser *606 included offense of an offense charged by indictment, would be a deprivation of his constitutional rights.
N.J.S.A. 2C:1-8d defines "included offense" as follows:
A defendant may be convicted of an offense included in an offense charged whether or not the included offense is an indictable offense. An offense is so included when:
(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or
(2) It consists of an attempt or conspiracy to commit the offense charged or to commit an offense otherwise included therein; or
(3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission.
Subsection (2) supra clearly is inapplicable. As for subsection (1), sexual assault has the element of sexual penetration and criminal sexual contact the element of sexual contact which are not elements of simple assault. In addition, both as charged in the indictment against defendant have the element of physical force or coercion: that defendant committed an act of sexual penetration in the first count and an act of sexual contact in the second count "while [he] used physical force or coercion." "Physical force" is force applied to the victim's body. "Coercion" includes a threat to inflict bodily harm.
Simple assault, as defined in N.J.S.A. 2C:12-1a(1), has on the other hand an element missing from the proof required to establish sexual assault or criminal sexual contact, that is, the element of bodily injury, either caused or attempted to be caused in the commission of the offense. "Bodily injury" is defined in N.J.S.A. 2C:11-1 as "physical pain, illness or any impairment of physical conditions." Bodily injury, as so defined, may occur but need not necessarily occur in a sexual assault or criminal sexual contact. Thus, under the plain language of N.J.S.A. 2C:1-8d(1), simple assault is not an included offense of sexual assault or criminal sexual contact, because it is not established "by proof of the same or less than all the facts required to establish" either offense charged against defendant by indictment; rather, it requires proof of the additional element of bodily injury or of an attempt to cause it.
*607 Our determination on the issue of the inapplicability of N.J.S.A. 2C:1-8d(1) is parallel to our decision in State v. Sloane, 217 N.J. Super. 417 (App.Div. 1987): third and fourth degree assaults proscribed by N.J.S.A. 2C:12-1a(2), -1b(2) and -1b(3) are not lesser included offenses of second degree aggravated assault, N.J.S.A. 2C:12-1b(1), because each of them requires the additional element of use of a deadly weapon, which second degree aggravated assault does not require.
On this issue, we distinguish Dukette v. Perrin, 564 F. Supp. 1530 (D.N.H. 1983), upon which defendant relies. In holding that simple assault was a necessarily included offense of rape, which was charged by indictment, the District Court applied the New Hampshire statute defining simple assault to include as an element "unprivileged physical contact," as an alternative to "bodily injury." Proof of unprivileged physical contact would not suffice to establish a simple assault under N.J.S.A. 2C:12-1a(1).
As for N.J.S.A. 2C:1-8d(3), that definition of "included offense" is inapplicable to unrelated offenses. It applies to offenses differing only in the seriousness of the injury, e.g., serious bodily injury rather than bodily injury; the seriousness of the risk of injury; or the degree of culpability, e.g., purposeful and knowing rather than merely reckless.
Manslaughter as an included offense of murder is an example of the applicability of N.J.S.A. 2C:1-8d(3), see State v. Powell, 84 N.J. 305 (1980). Although a lesser degree of homicide than murder, manslaughter has an element, recklessness or provocation in the heat of passion, which is not required for proof of murder. It is an included offense of murder because it involves a less serious risk of the same injury, that is, homicide, with a lesser degree of culpability.
See also State v. Talley, 94 N.J. 385 (1983), sustaining a conviction of theft by deception upon an indictment for armed *608 robbery because of the "consolidation of theft offenses" provision of N.J.S.A. 2C:20-2. Unlike homicide or theft, sexual offenses and assault involve distinct injuries, not the same injury, and are separately classified as crimes under the Code of Criminal Justice, sexual offenses in Chapter 14 and assault in Chapter 12.
Although not so specifically analyzed, defendant suggests in his argument that, in any event, simple assault should have been charged as an included offense of sexual assault because of the proof submitted by both sides that the victim sustained some bodily injury, as defined in N.J.S.A. 2C:11-1, when defendant struck her on the face. We view that proof as immaterial. The consequence that the victim sustained some bodily injury was not part of the required proof of sexual assault or criminal sexual contact; nor did it establish an identity of the injury sustained, although of a lesser degree, fitting the definition of included offense in N.J.S.A. 2C:1-8d(3).[1]
The other issues raises by defendant may be dealt with summarily. All are issues of plain error not raised below and, subject to R. 2:10-2, to "be disregarded by [us] unless ... of such a nature as to have been clearly capable of producing an unjust result."
The hearsay testimony of the victim's complaint to the police was admissible under the fresh complaint rule, State v. Balles, 47 N.J. 331 (1966), cert. den. 388 U.S. 461, 87 S.Ct. 2120, 18 L.Ed.2d 1321 (1967). Any error in allowing Police Detective Hoffman to set out that complaint in detail and to read part of it into the record was harmless error, in view of the victim's *609 own detailed and substantially identical narrative in her own testimony about the incident which led to the criminal charge.
The trial judge properly instructed the jury that it might consider the hearsay testimony of a fresh complaint by the victim to "a person of authority," on the issue of the victim's credibility. In so instructing the jury, the trial judge in no way detracted from the testimony of Matthews and Yarborough that the victim told them soon after the event that "T" had tried to rape her. He instructed the jury generally to consider and evaluate all of the testimony admitted during the trial.
Defendant's attack on the testimony of Terry Flowers rests on the assumption that it must have been perjured because he testified to his observations of the victim and to a conversation with her, to which the victim herself had not testified. Flowers testified that he came upon the victim in the backyard fixing her clothing and with blood on her face, "like hysterical" and "telling everybody to stay away from her." He offered assistance and she declined. Flowers's account was not necessarily perjured or necessarily incompatible with the victim's omission of any reference to Flowers, under the circumstance that she was upset and suffering.
We view as error, but not harmful error, the jury instruction that credible testimony is "such as common experience and observation of mankind can approve as probable under the circumstances." Probability is not the measure of credibility. Nevertheless, in view of the otherwise proper and explicit instruction defining credibility and explaining the jury's role in evaluating credibility we cannot conclude that the single reference to probability had a clear capacity to affect the jury outcome or to produce an unjust result. See State v. Wilbely, 63 N.J. 420, 422 (1973).
We affirm.
NOTES
[1] We need not and do not pass upon whether, if both sexual assault and simple assault had been charged against defendant by indictment and he had been convicted of both offenses, his two convictions would have merged under the flexible approach formulated in State v. Davis, 68 N.J. 69 (1975), and approved in State v. Truglia, 97 N.J. 513 (1984).