**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1745-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TARI D. TURPIN, a/k/a TARID TURPIN,
TARI TURRIN and TARI DEMOND TURPIN,

    Defendant-Respondent.

_____

Submitted May 9, 2017 — Decided June 8, 2017

Before Judges Reisner and Sumners.

On appeal from the Superior Court of New
Jersey, Law Division, Hudson County,
Indictment No. 14-05-0885.

Joseph E. Krakora, Public Defender, attorney
for appellant (Theresa Yvette Kyles, Assistant
Deputy Public Defender, of counsel and on the
brief).

Esther Suarez, Hudson County Prosecutor,
attorney for respondent (Kerry J. Salkin,
Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Tari D. Turpin appeals from his conviction for two counts of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), and other associated offenses.[1] He also appeals from the aggregate term of thirty years subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, consisting of an extended term of twenty years for the first assault conviction, with a consecutive ten-year term for the second assault conviction. The remaining sentences were concurrent.

On this appeal, defendant raises the following points of argument:

> POINT I
>
> THE JURY CHARGE ON SECOND-DEGREE AGGRAVATED ASSAULT DEPRIVED TURPIN OF DUE PROCESS AND HIS RIGHT TO PRESENT A DEFENSE BY ALLOWING THE JURY TO CONVICT ON A THEORY OF RECKLESS CONDUCT THAT WAS NOT SET FORTH IN THE INDICTMENT.
>
> POINT II
>
> THE STATE FAILED TO PROVE THAT TURPIN SHOT [A.M.] PURPOSELY OR KNOWINGLY. THEREFORE, TURPIN'S MOTION FOR A JUDGMENT OF ACQUITTAL OF COUNT II SHOULD HAVE BEEN GRANTED.

---

[1] In addition to aggravated assault, defendant was convicted of possessing a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a); unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); threatening violence, N.J.S.A. 2C:12-3(a); possessing dum-dum bullets, N.J.S.A. 2C:39-3(f); and creating a risk of injury, N.J.S.A. 2C:17-2(c).

POINT III

> IN IMPOSING AN EXTENDED TERM ON COUNT I, THE COURT FAILED TO PROPERLY ANALYZE TURPIN'S RECORD AND TO MAKE APPROPRIATE FINDINGS.  IN IMPOSING THE TERMS ON COUNTS I AND II, THE COURT FAILED TO CONSIDER TWO MITIGATING FACTORS THAT WERE CALLED TO THE COURT'S ATTENTION AND AMPLY BASED IN THE RECORD.  BECAUSE OF THESE ERRORS, A REMAND IS REQUIRED.
>
> A. The extended term was not justified on the record.
>
> B. Family hardship and provocation should have been considered in mitigation of the sentence imposed.

After reviewing the record in light of the applicable legal standards, we find no merit in any of those arguments.  We affirm the conviction and the sentence.

The pertinent trial evidence can be summarized briefly as follows.  At about 4:30 a.m., while riding the PATH train from New York to Jersey City, defendant and his female companion got into an argument with another passenger, D.D.[2]  During the argument, defendant pulled out a gun, and then returned it to his pocket. He then began to pull the gun back out of his pocket, and D.D.'s friend, A.M, intervened.  According to A.M., he put his left hand over the pocket containing the gun, and put his right hand on

---

[2] We use initials to identify the victims, to protect their privacy.

defendant's wrist in an effort to keep him from pulling out the gun. Defendant fired the gun, shooting off three fingers of A.M.'s left hand but also wounding himself in the leg. By this time the train had reached Jersey City, and defendant exited the train, still holding the gun. He paused, turned, and fired two shots at D.D., hitting her once in the leg and shattering her ankle.

Defendant fled through the PATH station, discarding the gun on a ledge, where it was later recovered by the police. Shortly after the incident, the police apprehended defendant a few blocks from the PATH station. The shooting set off a panic inside the PATH station and resulted in a shutdown of PATH train service.

Virtually the entire incident, including defendant committing the shootings and discarding the gun, was captured by the PATH system's security video cameras. The videos were played for the jury. The State also presented testimony from the individual from whom defendant obtained the gun, a Glock 9 model loaded with hollow point bullets.

On this appeal, defendant argues that, in charging the jury as to the aggravated assault charges, the trial court should not have instructed the jury that they could consider whether defendant's conduct was reckless. He contends that because the indictment only stated that defendant committed the assaults "purposely" or "knowingly," but did not include "recklessly," the

inclusion of reckless conduct in the jury charge and the verdict sheet was an unfair surprise.

We agree with the trial judge that the indictment put defendant on notice that he was charged with an offense, N.J.S.A. 2C:12-1(b)(1), that could be proven by demonstrating that he committed the assault purposely, knowingly, or recklessly. In that regard, we find persuasive the reasoning of Judge Stern's opinion in State v. Murphy, 185 N.J. Super. 72, 76 (Law Div. 1982) ("[P]leading the most serious culpability state suffices for lesser kinds of culpability . . . irrespective of whether the lesser culpability is the basis for distinguishing between kinds of crime, one crime and a lesser included offense or alternative elements with respect to the same degree.")

We also note that any claim of unfair surprise is belied by the evidence in this case. Defendant has not so much as suggested how he would have mounted a different defense, depending on whether the judge was going to charge the jury with recklessness in addition to knowing or purposeful conduct.

Next, defendant contends that he was entitled to a judgment of acquittal as to the charge of aggravated assault on A.M. After reviewing the evidence in light of the standard set forth in State v. Reyes, 50 N.J. 454, 458-59 (1967), we cannot agree. Both defendant and A.M. were shot during the struggle – defendant in

the leg and A.M. in the hand. A jury could have found that defendant purposely or knowingly pulled the trigger intending to shoot A.M. in the hand. They also could have found that defendant caused A.M.'s injury recklessly "under circumstances manifesting extreme indifference to the value of human life." N.J.S.A. 2C:12-1(b)(1).

Finally, we address defendant's challenge to the sentence. The trial court sentenced defendant to a discretionary extended term of twenty years for shooting D.D., and added a consecutive ordinary term of ten years for shooting A.M. We find no basis to disturb the extended term sentence for shooting D.D., which the judge appropriately explained, or the imposition of a consecutive term for shooting A.M. See State v. Case, 220 N.J. 49, 64 (2014); State v. Pierce, 188 N.J. 155, 168-69 (2006); State v. Yarbough, 100 N.J. 627, 643-44 (1985), certif. denied, 475 U.S. 1014, 106 S. Ct. 1193, 89 L. Ed. 2d 308 (1986). We agree with the judge's determination that no mitigating factors applied here. Defendant's sentencing arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1745-15T2